J. H. Gillis, J.
 

 Plaintiff Nick DiGiovanni, while driving an automobile on October 10, 1962, was struck in the rear by an automobile owned and operated by defendant, Fred Steve Yacenick. A chain collision resulted and plaintiff’s vehicle was forced into a vehicle owned by one Victor Nowinski.
 

 In March of 1964 a subrogation action was commenced in common pleas court by Nowinski’s insurance carrier against both the plaintiff and the defendant herein, The following month DiGiovanni
 
 *593
 
 instituted an action against Yacenick in the common pleas court. Discussions and negotiations between the parties with the purpose of settling all pending litigation were then begun. Yacenick’s counsel during the negotiations contended that Montgomery Ward & Company had negligently repaired the brakes of his client’s vehicle. DiGiovanni took no further action on his suit commenced in April and it was dismissed for lack of progress. Thereafter DiGiovanni learned that the subrogation claimant and Yacenick had settled their differences and had dismissed their lawsuit. In the pleadings filed in DiGiovanni’s action of April 1964, Yacenick’s address was listed as Mt. Clemens, Macomb county, Michigan. No return of service was ever made. On November 9, 1965, DiGiovanni filed a new lawsuit against Yacenick in the common pleas court for the city of Detroit and service by alias summons was made on Yacenick on March 7, 1966. Yacenick then moved for accelerated judgment pursuant to GCE 1963, 116.1(5), which was granted on April 7, 1966, on the grounds that DiGiovanni’s action was barred by a 3-year statute of limitations applicable in personal injury actions.
 

 The narrow issue presented on appeal is whether the statute of limitations applied to DiGiovanni’s second lawsuit, requiring the trial judge to grant the motion for accelerated judgment.
 

 DiGiovanni contends that the statute of limitations was tolled for 3 reasons: (1) the first suit was filed and a copy of the summons and complaint in good faith were placed in the hands of an officer for immediate service, PA 1961, No 236, § 5856(3) (CLS 1961, § 600.5856 [3] [Stat Ann 1962 Eev § 27A.5856 (3)]); (2) Yacenick’s misrepresentation that a settlement was imminent constituted a fraudulent concealment of the existence of the claim, PA 1961, No 236, § 5855 (CLS 1961, § 600.5855 [Stat Ann 1962
 
 *594
 
 Rev §27A.5855]); (3) the failure of Yacenick to give notice to DiGiovanni of the dismissal of the subrogation claimant’s lawsuit gave rise to an equitable estoppel barring the defense of the statute of limitations.
 

 Good Faith Attempt at Service
 

 In support of plaintiff’s first position he relies on CLS 1961, § 600.5856(3),
 
 supra,
 
 which reads:
 

 “The statutes of limitations are tolled when * * *
 

 “(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter.”
 

 He argues that pursuant to the above section the 3-year statute of limitations
 
 *
 
 was tolled for 90 days after the first suit was instituted and that while the statute may have continued to run after this 90-day period, it would, at the very least, have extended the period within which a suit could be instituted to 3 years and 90 days after the date of the accident and therefore the second suit could have been commenced up to and until January 10,1966.
 

 Defendant, in reply to this argument, contends that plaintiff’s argument is based on the fallacy that the summons and complaint in good faith were placed in the hands of an officer for immediate service. With this argument we agree. The record fails to disclose that the summons and complaint were placed in the hands of a Macomb county officer who could make a valid service of process in that county. The statute, therefore, was not tolled by the commencement in 1964 of the first lawsuit between the parties hereto.
 

 
 *595
 
 Fraudulent Concealment
 

 Plaintiff also contends that the statute of limitations is suspended in the instant case for fraudulent concealment on the part of defendant, and in support thereof relies on CLS 1961, § 600.5855,
 
 supra,
 
 which reads:
 

 “If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.”
 

 Plaintiff in effect argues that he was lulled into a false sense of security by the defendant’s counsel, who plaintiff contends stated that a “settlement can be arrived at with all the parties concerned” and that the attorneys for the defendant and the subrogation claimant agreed that a settlement conference would be scheduled in the future. Plaintiff contends that he allowed the first lawsuit to be dismissed because of his reliance on the representations of the defendant’s counsel. However, the fraud sought to be remedied by CLS 1961, § 600.5855,
 
 supra,
 
 consists of the concealment of the existence of a claim or the identity of a potential defendant. In
 
 Draws
 
 v.
 
 Levin
 
 (1952), 332 Mich 447, the Supreme Court reviewed some of the guidelines followed in determining whether or not a statute of limitations has been tolled by fraudulent concealment by the party charged with the concealment and stated at p 453:
 

 
 *596
 
 “ ‘Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of the information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent.’ ” (Quoting
 
 DeHaan
 
 v.
 
 Winter
 
 [1932], 258 Mich 293, 296.)
 

 Since the facts in the instant case do not fall within the above category, DiGiovanni cannot rely on OLS 1961, § 600.5855,
 
 supra,
 
 to bar the defense of statute of limitations.
 

 Equitable Estoppel
 

 DiGiovanni argues that Yaceniek’s conduct has estopped him from raising the defense of statute of limitations. Such an argument was considered by our Supreme Court in
 
 Yarger
 
 v.
 
 City of Hastings
 
 (1965), 375 Mich 413, which held that the facts alleged were not sufficient to raise an equitable estoppel. In this case, as in
 
 Yarger, supra,
 
 there is no express or implied promise by the party charged to pay or settle the claim but only to negotiate for settlement. Yaceniek never admitted liability in this case and, as early as 1963, by letter directed to DiGiovanni’s counsel denied liability. Yaceniek and his counsel did not attempt to conceal the existence of the claim or his identity or whereabouts. Further', as in
 
 Yarger, supra,
 
 the facts of the accident were not within the special knowledge of the party charged and there was no fiduciary relation between the parties. We therefore conclude under the facts of the instant case that there is no basis for equitable estoppel to bar a defense of the statute of limitations.
 

 Affirmed. Costs to appellee.
 

 Quinn, P. J., and McGregor, J., concurred.
 

 *
 

 PA 1961, No 236, § 5805 (CLS 1961, § 600.5805 [Stat Ann 1962 Ecv § 27A.5805]).