HARRINGTON v. NELSON

1. LIMITATION OF ACTIONS—DAMAGES TO PERSON OR PROPERTY.

   The three-year limitation rule applies to actions for damages for injuries to persons or property whether the action is based on tort or contract (MCLA §600.5805[7]).

2. LIMITATION OF ACTIONS—DAMAGES TO PERSON OR PROPERTY— ACCELERATED JUDGMENT—CONTRACT THEORY.

   Defendant was entitled to an accelerated judgment where plaintiff brought an action for damages to property on a contract theory four years after the alleged injury (MCLA § 600.5805 [7]; GCR 1963, 116.1[5]).

3. JUDGMENTS — ACCELERATED JUDGMENT — SUMMARY JUDGMENT — APPEAL AND ERROR — INCORRECT JUDGMENT GRANTED.

   Granting defendant a summary judgment was harmless error, if error at all, where the defendant was entitled to an accelerated judgment, but the trial court did not rule on the accelerated judgment motion (GCR 1963, 116.1[5], 117.2[3]).

Appeal from Mason, Charles A. Wickens, J. Submitted Division 3 February 4, 1971, at Grand Rapids. (Docket No. 10016.) Decided April 2, 1971.

Complaint by Benjamin C. Harrington and Arlene Harrington against Robert O. Nelson for conversion. Defendant moved for accelerated judgment. Complaint amended to allege an implied

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 61 et seq.
[2] 51 Am Jur 2d, Limitation of Actions § 20 et seq.
[3] 51 Am Jur 2d, Limitation of Actions § 470.

contract. Defendant's motion for summary judgment granted. Plaintiffs appeal. Affirmed.

*John R. De Vries,* for plaintiffs.

*Ronald C. Wilson,* for defendant.

Before: FITZGERALD, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. This is an appeal from a grant of defendant's motion for summary judgment in a suit to recover damages for injury to real property.

On March 12, 1970, plaintiffs filed an unsworn complaint alleging that in 1966 the defendant entered upon their land and converted some of the dirt and gravel to his own use. Plaintiffs were claiming treble damages under MCLA § 600.2920 (Stat Ann 1962 Rev § 27A.2919). Defendant filed a motion for accelerated judgment[1] on the ground that the three-year statute of limitations[2] had run. Plaintiffs then amended their complaint adding an additional count alleging an implied contract. This attempt to come within the six-year statute of limitations for contracts[3] was met by defendant's motion for summary judgment,[4] supported by affidavit, wherein he claimed that there were no material facts in dispute.

The trial court, noting that the statute of limitations would have been a good defense to count I, declined to rule on the motion for accelerated judgment, apparently because it felt that the addition of count II was an election to waive the tort and sue

---

[1] GCR 1963, 116.1(5).
[2] MCLA § 600.5805(7) (Stat Ann 1962 Rev § 27A.5805[7]).
[3] MCLA § 600.5807(8) (Stat Ann 1962 Rev § 27A.5807[8]).
[4] GCR 1963, 117.2(3).

in contract. The court did, however, grant summary judgment to the defendant as to count II.

We need not discuss plaintiffs' contention that the grant of summary judgment was improper, since in any event, it is clear that the defendant was entitled to accelerated judgment on both counts in the complaint.

The statute of limitations urged as a bar to count I provides:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\*     \*     \*

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

This statute remains applicable whether the action is based on a tort or a contract theory. In *State Mutual Cyclone Insurance Company* v. *O & A Electric Cooperative* (1968), 381 Mich 318, 324, 325, where the Court was faced with the same problem, it was said:

"It becomes apparent that the legislature expressed approval of this Court's decision in *Baatz*[5] to the effect that it makes no difference what form of action the plaintiff institutes in seeking recovery for damages to property or person, but in all cases such action comes within the 3-year limitation rule."

Accordingly, the court should have granted the defendant's motion for accelerated judgment on the ground that both the contract and the tort action

---

[5] *Baatz* v. *Smith* (1960), 361 Mich 68.

were barred by the running of the statute. In such case, the error in granting summary judgment, if any, was harmless. GCR 1963, 529.1.

For the foregoing reasons, the judgment of the lower court is affirmed.

Affirmed.