HUHTALA v TRAVELERS INSURANCE COMPANY

1. LIMITATION OF ACTIONS—INSURANCE—AUTOMOBILES—ESTOPPEL—
   STATUTES.

   Despite the claim that an insurance company and its agents failed, refused, and neglected to pay the plaintiffs as promised, the action is one in tort for damages arising out of an automobile accident and, where plaintiffs filed their complaint more than three years after the accident, the three-year statute of limitations bars plaintiffs' cause of action unless defendants were estopped from asserting it (MCLA 600.5805[7]).

2. ESTOPPEL—LIMITATION OF ACTIONS.

   A plaintiff, when raising an estoppel theory to counter the defense of limitations, must show that the conduct of the defendant has induced the plaintiff to refrain from bringing action within the period fixed by statute, and that such conduct should estop the defendant.

3. ESTOPPEL—CONCEALMENT—MISREPRESENTATION—PROMISE TO PAY—
   FIDUCIARY RELATIONSHIP.

   Actions by a defendant relevant to establishing an estoppel theory are: (1) concealment of the cause of action, (2) misrepresentation as to the statutory time in which the action might be brought, (3) inducement not to bring the action, (4) a promise to pay or settle a claim, (5) special knowledge on the part of the defendant, and (6) a fiduciary relationship.

4. JUDGMENT—ACCELERATED JUDGMENT—LIMITATION OF ACTIONS—
   PLEADING—ESTOPPEL—STATUTES—COURT RULES.

   A defendants' motion for accelerated judgment because plaintiffs'

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 44 Am Jur 2d, Insurance § 1917.
  51 Am Jur 2d, Limitation of Actions § 422 *et seq.*
  Insurer's admission of liability, offers of settlement, negotiations, and the like, as waiver of, or estoppel to assert, contractual limitation provision. 29 ALR2d 636.
[2–4] 51 Am Jur 2d, Limitation of Actions §§ 431–434.
  Estoppel to rely on statute of limitations. 130 ALR 8, s. 24 ALR2d 1413.

claim was barred by the three-year statute of limitations was properly granted where plaintiffs' pleadings failed to establish a basis for equitable estoppel that would bar the defense of the statute of limitations and where a general promise to fairly compensate fails to explain two years of inaction, plaintiffs failed to show how the statements of the defendant insurance company induced them not to bring a lawsuit, no fiduciary relationship existed, and there was no action on the part of the defendants to hinder the plaintiffs bringing their cause of action (MCLA 600.5805[7]; GCR 1963, 116.1[5]).

Appeal from Ontonagon, Donald L. Munro, J. Submitted October 14, 1975, at Marquette. (Docket No. 22539.) Decided November 13, 1975. Leave to appeal applied for.

Complaint by Arne Huhtala and Bonnie Cummings against Travelers Insurance Company and George Lynott for damages arising out of an automobile accident and for breach of express and implied contract and fraudulent misrepresentation. Plaintiffs' cause of action dismissed with prejudice. Plaintiffs appeal. Affirmed.

*Wisti & Jaaskelainen,* for plaintiffs.

*Humphrey & Weis,* for defendants.

Before: ALLEN, P. J., and DANHOF and M. F. CAVANAGH, JJ.

DANHOF, J. The plaintiffs filed the original complaint in this matter on March 13, 1974 for injuries arising out of an automobile accident which occurred on December 24, 1970. On October 18, 1974, the trial court granted the defendants' motion for accelerated judgment with the provision that the plaintiffs could amend their complaint within 20 days to specify the alleged misrepresentations which would constitute equitable estoppel. Having failed to so amend, the trial court dis-

missed the plaintiffs' cause of action with prejudice on December 6, 1974. We affirm.

Both the original and the amended complaints state that they complain of the accident which occurred on December 24, 1970. Also, both state "that the statute of limitations ran in this cause of action". This point is not disputed. However, in the trial court and on appeal, the plaintiffs have argued that the defendants should be estopped from asserting the defense of the statute of limitations.

In support of this estoppel argument, the plaintiffs alleged that during the course of negotiations the defendants "failed, refused, and neglected" to pay the plaintiffs as promised. The plaintiffs further alleged that representatives of the defendant insurance company, particularly one George Lynott, represented to them that the plaintiffs would be fairly and justly compensated by the company and that a full and fair settlement would be made of the present cause of action.

It is not disputed that the plaintiff, Bonnie Cummings, underwent plastic surgery in 1971, which the defendant insurance company paid for in full.

As to this surgery, the plaintiffs alleged:

"That the Plaintiffs were told by the representatives of the Defendant, TRAVELERS INSURANCE COMPANY, that a full and equitable settlement of the present cause would be paid once the Plaintiff, BONNIE CUMMINGS' physical condition stabilized and the Defendant insurance company had had an opportunity to further evaluate the case following the above related plastic surgery."

The defendants submitted the following interrogatories to the plaintiffs:

"4. State the names of each of the agents or representatives of Defendant, Travelers Insurance Company with whom you had contact, including Defendant George Lynott, concerning the accident of December 24, 1970.

"a. State the time and place of each of these conversations and with whom they took place.

"b. State specifically the individual who promised that a fair and just settlement would be made and when such statement was made.

"c. State specifically who stated that you were not to be concerned with the Statute of Limitations and the time and place this statement was made.

"5. State the total amount of medical expenses incurred by you as the result of the accident of December 24, 1970, and indicate the date these expenses were incurred.

"a. State any medical payments that may have been paid to you by Defendant, Travelers Insurance Company, in connection with the expenses incurred as a result of the accident of December 24, 1970."

The plaintiffs responded to the interrogatories with the following answers:

"4. I don't know the agent representing TRAVELERS INSURANCE COMPANY in 1971. All I remember is he told me to take Bonnie to Duluth for plastic surgery and that he would take care of all of the bills. The agent told me he would come back and see me after the operation and see the results of the operation. Also, he would take care of any expenses incurred by me, such as travel, lodging, etc.

"5. Travelers Insurance paid the hospital direct and Dr. Frank Wakefield and Dr. John Wolfe of Duluth, Minnesota."

The defendants stated to the trial court and on appeal that the plaintiffs have not submitted any claims to them since 1971.

Based on the foregoing, the trial court granted

the defendants' motion for accelerated judgment
for the reason the statute of limitations, MCLA
600.5805(7); MSA 27A.5805(7), had run, and failed
to find the defendants were estopped from assert-
ing the statute.

The issue raised on appeal is whether the plain-
tiffs failed to allege facts sufficient to estop the
defendants from asserting the statute of limita-
tions to bar the plaintiffs' cause of action.

Despite the fact that the plaintiffs have raised
an estoppel theory, the claim here is one in tort
which arises out of the injuries that resulted from
the accident on December 24, 1970. See *Smith v
Gilles,* 28 Mich App 166; 184 NW2d 271 (1970),
and the cases cited therein. Thus, unless the de-
fendants are estopped from asserting it, the three-
year provision of MCLA 600.5805(7); MSA
27A.5805(7) would bar the plaintiffs' cause of ac-
tion.

When raising an estoppel theory to counter the
defense of the statute of limitations, the plaintiff
must show "that the conduct of the defendant has
induced the plaintiff to refrain from bringing ac-
tion within the period fixed by statute, and that
such conduct should estop the defendant". *Renack-
owsky v Board of Water Commissioners of Detroit,*
122 Mich 613, 616; 81 NW 581 (1900).

*Yarger v City of Hastings,* 375 Mich 413, 418–
419; 134 NW2d 726 (1965), provides more specific
guidance as to what factors constitute estoppel.
The *Yarger* Court indicates the following actions
by the defendant are relevant to establishing an
estoppel theory: concealment of the cause of ac-
tion, misrepresentation as to the statutory time in
which the action might be brought, and induce-
ment not to bring the action. In addition, *Di-
Giovanni v Yacenick,* 9 Mich App 590, 596; 157

NW2d 785 (1968),. points out that, as in *Yarger,* *supra,* the promise to pay or settle the claim, special knowledge on the part of the defendant, and a fiduciary relationship are also factors to consider.

Assuming for purposes of this motion that the plaintiffs' allegations are true, the pleadings fail to establish a basis for equitable estoppel that would bar the defense of the statute of limitations. In the present case, the plaintiffs alleged that the defendants had promised to fairly compensate them for their injuries and that after the surgery the defendant insurance company would further evaluate the case so as to arrive at a full and equitable settlement. This general promise to fairly compensate fails to explain two years of inaction. The plaintiffs have not shown, even in general terms, how the statements of the defendant insurance company induced them not to bring a lawsuit. Over two years passed after the surgery in which no action occurred by either party. Yet, the plaintiffs were in the best position to know the state of their injuries. Further, no fiduciary relationship existed in the present case. The facts do not indicate any action on the part of the defendants to hinder the plaintiffs in bringing their cause of action. Rather, the facts indicate the plaintiffs did nothing affirmative to enforce their claims. Without more, these allegations are insufficient to show the defendant insurance company or its agents induced the plaintiffs to refrain from bringing a legal action. Upon consideration of the factors indicated by the case law, *supra,* the plaintiffs must be deemed to have sat on their rights while the statutory time in which they could have brought their action ran out.

Accordingly, the trial court correctly granted

the defendants' motion for accelerated judgment for the reason that the claim was barred by the statute of limitations. GCR 1963, 116.1(5).

Affirmed. Costs to the defendants.