HUHTALA v TRAVELERS INSURANCE COMPANY

Docket No. 57817. Argued March 1, 1977 (Calendar No. 2).—Decided September 20, 1977.

Arne Huhtala and his daughter Bonnie Cummings brought an action against Travelers Insurance Company and George Lynott for breach of express and implied contract and for fraudulent misrepresentation. Bonnie Cummings was injured in an automobile accident while she was a passenger in a car insured by Travelers, which paid the plaintiffs all the medical expenses which were submitted as arising out of the accident. The action was brought more than three years after the accident. The defendants pleaded the statute of limitations. Plaintiffs allege that Lynott, an agent of Travelers Insurance Company, represented to Huhtala that all of their damages would be fairly and justly compensated, that the plaintiffs relied on this promise rather than pursue their legal remedies, and that the defendants are estopped from claiming that the statute of limitations had run. The Ontonagon Circuit Court, Donald L. Munro, J., granted accelerated judgment for the defendants because of the statute of limitations. The Court of Appeals (Allen, P. J., and Danhof and M. F. Cavanagh, JJ.), affirmed (Docket No. 22539). Plaintiff appeals. *Held:*

1. This action is not against the owner or driver of the automobile, but against the owner's insurer. The plaintiffs' claim of promissory estoppel is in respect to an automobile accident, but it is not based on that accident; rather, it is based on an agreement assertedly entered subsequent to the accident that the insurer would pay a full and equitable settlement. It is grounded in the rule of contract law that a promise which the promisor should reasonably expect to induce forbearance by the promisee or a third person and which does induce forbearance is binding if injustice can be avoided only by enforcement of

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 17 Am Jur 2d, Contracts § 89.
[2] 51 Am Jur 2d, Limitation of Actions § 92 *et seq.*
[3, 4, 7] 51 Am Jur 2d, Limitation of Actions § 82 *et seq.*
[5] 51 Am Jur 2d, Limitation of Actions § 422 *et seq.*
[8] 51 Am Jur 2d, Limitation of Actions § 138 *et seq.*

the promise. Therefore, it is governed by the six-year contract statute of limitations.

2. Cases holding that the three-year statute of limitations applies to actions for injury to persons or property even though recovery is sought on a contract theory do not control because in them the duty out of which the action arose was imposed by law; in this case out of express contract. The law imposed on the owner's insurer no duty in favor of the plaintiffs to pay or to promise to pay a fair settlement. If such an obligation arose, it is because the insurer chose to promise to do so. Plaintiffs' sole claim against the insurer has been and is contractual. The nature and origin of this action against the insurer is in "express" promise and is consensual; the liability of the owner and driver is imposed by law and is nonconsensual. The plaintiffs in the instant case need not show causal negligence and freedom from contributory negligence, but must show a promise to pay; they may not recover the full money equivalent of their losses, but only the amount the defendants promised to pay.

3. Equitable estoppel is essentially a doctrine of waiver which, when operative, serves to extend the applicable statute of limitations by precluding the defendant from raising it in bar, but has no effect on the determination of the applicable statute. Promissory estoppel, in contrast, does not establish waiver, but substitutes for consideration in a case where there are no mutual promises, enabling the promisee to assert a separate claim in contract against the promisor, independent of any other claim he may have against the promisor or another person.

4. Plaintiffs' claim does not depend on the doctrine of equitable estoppel, and therefore whether or not they can establish the elements of equitable estoppel, they may be able to recover on the ground of promissory estoppel. The complaint states a claim of promissory estoppel, and the six-year statute of limitations governs such a claim.

Reversed and remanded for trial.

Justice Coleman, with Justice Ryan concurring, would also reverse, but for the following reasons:

1. The plaintiffs have agreed in their complaint the three-year statute of limitations applicable to actions grounded in a personal injury claim applies to their claim without regard to whether the claim sounds in tort or contract, express or implied. The complaint in this case is based on personal injuries caused by allegedly tortious conduct. Labels do not change this

nor does the fact that the plaintiffs are suing the driver's insurance company.

2. Plaintiffs did not object to the trial court's characterization of their theory that, although the three-year statute of limitations applied to the action, under the theory of equitable estoppel the three-year limitation is tolled because they relied on the defendants' misrepresentations and as a result the statute of limitations ran.

3. Plaintiffs should have an opportunity to present their case on this theory. Whether equitable estoppel applies cannot be fairly answered solely on the basis of these pleadings and interrogatories. It is the plaintiffs' obligation to demonstrate that equitable estoppel should apply to prevent application of the three-year statute of limitations.

65 Mich App 581; 237 NW2d 567 (1975) reversed.

OPINION OF THE COURT

1. CONTRACTS—PROMISSORY ESTOPPEL—INSURANCE.

An action against an insurer and its claims manager for breach of implied contract that a settlement would be made with a victim of an automobile accident based upon the results of the victim's plastic surgery is grounded in the rule of contract law that a promise which the promisor should reasonably expect to induce forbearance by the promisee or a third person and which does induce forbearance, is binding if injustice can be avoided only by enforcement of the promise.

2. LIMITATION OF ACTIONS—CONTRACTS—PROMISSORY ESTOPPEL.

The time for bringing an action for promissory estoppel, which is grounded in contract, is governed by the contract statute of limitations, six years (MCL 600.5807; MSA 27A.5807).

3. LIMITATION OF ACTIONS—PRODUCTS LIABILITY—INJURY TO PROPERTY.

The three-year statute of limitations governs a consumer's action against a manufacturer to recover damages for injuries to property, whether the plaintiff's claim is pleaded on a theory of negligence, implied warranty or breach of contract for sale under the Uniform Commercial Code (MCL 400.2725, 600.5805[7]; MSA 19.2725, 27A.5805[7]).

4. LIMITATION OF ACTIONS—PERSONAL INJURY—PROPERTY DAMAGE—AUTOMOBILES.

An action for personal injury or property damage against an owner or driver of an automobile arises by implication of law

and is governed by the three-year statute of limitations (MCL 600.5805; MSA 27A.5805).

5. LIMITATION OF ACTIONS—EQUITABLE ESTOPPEL—WORDS AND PHRASES.

Equitable estoppel is essentially a doctrine of waiver; when operative, it serves to extend the applicable statute of limitations by precluding the defendant from raising the bar of the statute but has no effect on the determination of the applicable statute.

6. CONTRACTS—PROMISSORY ESTOPPEL—WORDS AND PHRASES.

Promissory estoppel substitutes for consideration in a case where there are no mutual promises, enabling the promisee to assert a separate claim against the promisor, independent of any claim he may have against the promisor *(e.g.,* subrogation or misrepresentation) or another person *(e.g.,* negligence) and, therefore makes applicable the statute of limitations governing the time for bringing an action for breach of contract (MCL 600.5807; MSA 27A.5807).

SEPARATE OPINION BY COLEMAN, J.

RYAN, J.

7. LIMITATION OF ACTIONS—PERSONAL INJURY.

*The three-year statute of limitations applicable to actions grounded in a personal injury claim applies without regard to whether the claim sounds in tort or contract, express or implied (MCL 600.5805; MSA 27A.5805).*

8. LIMITATION OF ACTIONS—EQUITABLE ESTOPPEL—TOLLING STATUTE.

*Plaintiffs in an action grounded in a personal injury claim who say that, although the three-year statute of limitations applied to the action, under the theory of equitable estoppel the three-year limitation is tolled because they relied on the defendants' misrepresentations should have an opportunity to present evidence on that theory (MCL 600.5805; MSA 27A.5805).*

*Wisti & Jaaskelainen* (by *James F. Tercha)* for plaintiffs.

*Weis, Cossi & Slade* for defendants.

LEVIN, J. Plaintiff Bonnie Cummings was injured in an automobile accident. The owner of the

automobile in which Cummings was riding as a passenger was insured by defendant Travelers Insurance Company. Three years, two and one-half months after the accident, Cummings and her father, Arne Huhtala, commenced this action against Travelers and George Lynott, a Travelers claims manager, asserting that the defendants had promised the plaintiffs that a full and equitable settlement would be paid after Cummings' physical condition stabilized.

The defendants moved for accelerated judgment on the ground that plaintiffs' claims were barred by the statute of limitations. Plaintiffs responded that the defendants were precluded under the doctrines of promissory and equitable estoppel from asserting the bar of the statute.

The trial judge entered a judgment dismissing plaintiffs' complaint and the Court of Appeals affirmed. We reverse and remand for trial on the claim of promissory estoppel.

I

The automobile accident, in which Cummings sustained injuries requiring surgery, occurred on December 24, 1970. This action was commenced March 13, 1974.

The plaintiffs pleaded that the defendants, representing the owner of the automobile, communicated with them and arranged for Cummings to undergo plastic surgery. The defendants admitted these allegations, and averred that Travelers had paid the medical and hospital bills.

Plaintiffs further alleged, in count I of their amended complaint, that they were told by Travelers' representatives "that a full and equitable settlement of the present cause would be paid once

the plaintiff, Bonnie Cummings', physical condition stabilized and the defendant insurance company had had an opportunity to further evaluate the case following the above related plastic surgery"; that the statute of limitations had run; that Travelers had not made payment to the plaintiffs as promised; and that its refusal to make payment "constitutes a breach of express and implied contract based upon the representations made by the defendants during the course of the negotiations".

Count II repeated all the allegations of count I, adding that defendants' conduct "constituted a fraudulent misrepresentation". The complaint did not allege that the representations were knowingly false when made or that they were negligently made. Plaintiffs failed to plead with particularity the circumstances constituting fraud, as required by GCR 1963, 112.2,[1] and, although given an opportunity to file an amended complaint,[2] did not in their amended complaint expand on the allegation of fraud. The Court is of the opinion that, on remand, the trial court should not entertain a motion to amend the complaint to enlarge the allegation of fraud, the plaintiffs having failed to avail themselves of the opportunity afforded them to remedy this pleading deficiency.

Defendants' motion for accelerated judgment

---

[1] "Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." GCR 1963, 112.2.

[2] *See* GCR 1963, 115.1, Motion to Correct or Strike Pleadings:

".1 Motion for More Definite Statement. If a pleading is so vague or ambiguous that it fails to comply with the requirements of the rules, the opposite party may move for a more definite statement before filing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such other order as it deems just."

pursuant to GCR 1963, 116.1(5) raised the question whether plaintiffs' "claim is barred because of * * * statute of limitations", and no question relating to the substantive aspects of plaintiffs' claims. The trial court and the Court of Appeals erred in determining, based on the pleadings, answers to interrogatories, and the arguments of counsel on the motion for accelerated judgment, the substantiality of plaintiffs' pleaded allegations of promissory and equitable estoppel. The substantiality question might have been raised by a motion for summary judgment under GCR 1963, 117.2(3), asserting that "there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law".[3] No such motion was filed; the only question before the trial court was whether plaintiffs' claims were barred by the statute of limitations.

## II

This is not an action against the owner or driver of the automobile, but an action against the owner's insurer, Travelers, and one of its claims managers. While plaintiffs' claim of promissory estoppel, in count I, against Travelers and its claims manager is in respect to the automobile accident, it is not based on that event. Rather it is based on an agreement assertedly entered into subsequent to that event.

Plaintiffs' claim is grounded in the rule of contract law that a promise which the promisor should reasonably expect to induce forbearance by

---

[3] The disputed questions of fact regarding equitable estoppel to raise the defense of statute of limitations might have been resolved pursuant to the GCR 1963, 116.1(5) motion if the court had, as provided in GCR 1963, 116.3, ordered an immediate trial of the disputed issue.

the promisee or a third person and which does induce forbearance, "is binding if injustice can be avoided only by enforcement of the promise". 1 Restatement, Contracts, § 90, p 110.[4]

We are of the opinion that the time for bringing an action for promissory estoppel is governed by the contract statute of limitations, six years, and that plaintiffs' action was therefore timely commenced.

The principle governing our disposition was explained in *Southgate Community School Dist v West Side Construction Co,* 399 Mich 72, 80–81; 247 NW2d 884 (1976), where this Court held that the three-year statute of limitations governs a consumer's action against a manufacturer to recover damages for injury to property, whether plaintiff's claim is pleaded on a theory of negligence, implied warranty or breach of contract for sale under UCC § 2-725.[5]

Southgate had argued that decision was controlled by *Weeks v Slavik Builders, Inc,* 384 Mich 257; 181 NW2d 271 (1970), where the six-year statute was found to be applicable. This Court responded:

"In *Weeks,* the cement roofing tiles had been *expressly* warranted by defendant builder before installation. * * * It was therefore in this contractual context that this Court held that plaintiff Weeks' action was

---

[4] "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." 1 Restatement, Contracts, § 90, p 110.

*Similarly, see* Restatement 2d, Contracts (Tentative Draft No 2, 1965), § 90, p 165; Calamari & Perillo, Contracts, § 99, p 172; 1 Williston on Contracts (3d ed), § 140, p 607; 1A Corbin on Contracts, § 193, p 187, *et seq.*

[5] MCLA 440.2725; MSA 19.2725.

not barred by the three-year statute of limitations
* * *.

"As discussed, *supra,* the consumer's right of action
against a remote manufacturer is not dependent on the
existence of contract or contract principles; product
warranties adhere by implication of the law. *Weeks* is
not controlling. The three-year statute governing ac-
tions 'to recover damages for injuries to * * * property'
applies to this case." *Southgate Community School
District v West Side Construction Co, supra,* pp 80–81
(emphasis by the Court).

An action for personal injury or property dam-
age against an owner or driver of an automobile
arises by "implication of the law" and is governed
by the three-year statute of limitations.[6] Plaintiffs'
claim of promissory estoppel against Travelers and
its claims manager is "dependent on the existence
of contract or contract principles" and is governed
by the six-year statute of limitations.[7]

## III

Where the nature and origin of an action to
recover damages for injury to persons or property

---

[6] "No person may bring or maintain any action to recover damages
for injuries to persons or property unless, after the claim first accrued
to himself or to someone through whom he claims, he commences the
action within the periods of time prescribed by this section. * * *

"(7) The period of limitations is 3 years for all other actions to
recover damages for injuries to persons and property." MCLA
600.5805; MSA 27A.5805.

[7] "No person may bring or maintain any action to recover damages
or sums due for breach of contract, or to enforce the specific perform-
ance of any contract unless, after the claim first accrued to himself or
to someone through whom he claims, he commences the action within
the periods of time prescribed by this section. * * *

"(8) The period of limitations is 6 years for all other actions to
recover damages or sums due for breach of contract." MCLA
600.5807; MSA 27A.5807.

is a duty imposed by law, this Court has held that it cannot be maintained on a contract theory when commenced beyond the three-year period. *Coates v Milner Hotels, Inc,* 311 Mich 233; 18 NW2d 389 (1945); *Baatz v Smith,* 361 Mich 68; 104 NW2d 787 (1960); *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 381 Mich 318; 161 NW2d 573 (1968). Those cases do not control where the action is for breach of an express promise.

In *Coates,* the plaintiff had been assaulted by an intoxicated person while a guest in defendant's hotel. He sought to recover for negligence and breach of an implied warranty to protect a guest against intrusion while in a room. In holding that the three-year period governed the time for commencement of both the negligence and implied warranty counts, the Court reasoned that whether pleaded as *ex contractu* or *ex delicto* the "nature and origin" of the claim was negligence. Although the relationship between the innkeeper and guest was contractual, the source of the innkeeper's obligation was not an express promise but public policy: the law implies a covenant, coextensive with the duty imposed on a negligence theory, that an innkeeper will take appropriate steps to guard a guest against assault.

*Baatz,* similarly, was an action against an innkeeper for personal injury caused by another person, a former guest of defendant's hotel who exploded dynamite in the hotel. In holding that the three-year period applied although the action had been commenced in assumpsit, the Court said that it would adhere to *Coates* which had held that the three-year period applies to all actions " 'to recover for an injury to the person arising *because of negligence* whether based upon implied contract or

tort' ". *Baatz v Smith, supra,* p 70 (emphasis supplied).[8]

In *State Mutual,* also, the plaintiffs sought to recover for breach of contract although the defendant electric company was subject to liability "because of negligence". Plaintiffs' subrogors were farmers whose cattle had been electrocuted by a high-voltage power surge. Holding that the three-year period governed, this Court said that the Legislature had not intended that the courts "distinguish between actions on express contracts to recover damages for injury to person or property and actions based upon implied contract, as called for by the Court of Appeals opinion". *State Mutual Cyclone Ins Co v O & A Electric Cooperative, supra,* p 325.[9]

In the subsequent case of *Weeks v Slavik Builders, Inc, supra,* p 259, this Court held that the six-year period governs an action for breach of an express warranty to install "cement tiles which would measure up, in roofing service, to the warranties made". The Court said that the breach of that warranty was not a damage to property within the meaning of the three-year statute.[10]

[8] The statement in the committee comment accompanying the Revised Judicature Act that the section of the Revised Judicature Act establishing the time periods for bringing an action to recover damages for injuries to persons or property "is a compilation of the limitations on the general tort remedies," MCLA 600.5805; MSA 27A.5805, Committee Comment, 34 MCLA, p 822; 23 MSA (1962 rev), p 61, indicates a legislative purpose to establish the time periods for actions sounding in tort.

[9] The Court of Appeals, distinguishing *Coates v Milner Hotels, Inc,* 311 Mich 233; 18 NW2d 389 (1945); and *Baatz v Smith,* 361 Mich 68; 104 NW2d 787 (1960), on the ground that no express contract was there asserted, and reasoning that "a party injured by the breach of an express contract when the breach involves negligence may waive his contract action and sue in tort or waive the tort and sue on contract," concluded that the six-year statute of limitations applied. *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 5 Mich App 452, 458–459; 146 NW2d 823 (1966), *rev'd* 381 Mich 318; 161 NW2d 573 (1968).

[10] In *Striker v Martindale,* 372 Mich 578, 581; 127 NW2d 306 (1964),

*Coates, Baatz, State Mutual* and *Weeks* are reconcilable. While there was an express contract in all four cases, the "promise" sought to be enforced in *State Mutual* (as in *Coates* and *Baatz)* appears to have been implied by law, in contrast with *Weeks* where the promise was express.[11] The obligation of a public utility to supply electricity at an appropriate voltage (like the obligation of an innkeeper to protect his guests against assault) does not depend on the agreement of the parties but arises as a matter of law independent of the terms of their agreement.

In *Parish v B F Goodrich Co,* 395 Mich 271; 235 NW2d 570 (1975), the issue was not which of several limitation periods provided by Michigan statutes applies but whether the Michigan borrowing statute made applicable the periods of limitation of another state.[12]

---

the Court held that the three-year period, applicable to "all other actions" to recover damages for injury to persons or property rather than the two-year period for actions charging assault, governed the time for bringing an action for personal injury sustained in a hunting accident where the declaration contained allegations of negligence (governed by the three-year provision) and of assault and battery (governed by the two-year provision):

"In determining whether the statute has run on plaintiff's cause of action he is entitled to the benefit of the allegations of a cause of action, if any, against which the statute has not run."

[11] While the Court of Appeals in *Weeks* had ruled that a builder impliedly warrants the fitness of construction (24 Mich App 621; 180 NW2d 503 [1970]), on the further appeal to this Court that aspect of the case was not addressed. Although the obligation of innkeepers and public utilities to provide adequate safeguards for the protection of the public has long been imposed by law, it is only recently that courts have recognized that a builder may, apart from agreement, be subject to liability for defects in construction. *Id,* p 624. The nature and origin of the claim enforced by this Court in *Weeks* was an express promise and not a preceding obligation imposed by law.

[12] In *Parish v B F Goodrich Co,* 395 Mich 271; 235 NW2d 570 (1975), there was no contractual relationship between the plaintiff and the defendant—the plaintiff was a consumer and the defendant a manufacturer—and, hence, no issue arose regarding the applicable limitation where plaintiff's claim is assertedly based on contract.

In concluding that the product liability claim of a consumer against

While the relationship of the parties in *Coates, Baatz* and *State Mutual* was contractual—express contract—the nature and origin of the claim sought to be enforced in those cases was not an express promise. The relationship of the supplier of services with the consumer, although contractual in inception, gave rise to a duty imposed by law on the supplier, apart from the terms of their agreement, to take reasonable safeguards to protect the consumer. Here, however, the nature and origin of plaintiffs' claim for promissory estoppel is an express promise and not a duty imposed by law.

## IV

In the instant case, the law imposed on Travelers no duty in favor of the plaintiffs to pay or to promise to pay a fair settlement. If such an obligation arose, it is because Travelers chose to promise to do so. While plaintiffs had a personal injury claim against the owner of the automobile in

---

a manufacturer accrued, for purposes of the borrowing statute, when and where damages are suffered, this Court declared that UCC § 2-725 "did not create a new and separate consumer's product liability claim against the manufacturer," *Id,* p 280, distinguishable or different from the claim of the consumer against the manufacturer on a theory of negligence or implied warranty. The observation, on the authority of *State Mutual Cyclone Ins Co v O & A Electric Cooperative, supra,* that the Court had consistently held that the three-year period "applies without regard to whether the claim sounds in tort or contract, express or implied," *Id,* was not necessary to decision and overlooked *Weeks v Slavik Builders, Inc, supra,* where the Court had held that the six-year statute applies to an action for breach of an *express* warranty.

In contrast with the consumer's product liability right of direct action against the manufacturer, the nature and origin of which was duty imposed by law (negligence, misrepresentation, strict liability in tort, implied warranty) and which did not depend on the existence of any contractual relationship between the consumer and the manufacturer, the claim enforced in *Weeks* was not based on a duty imposed by law, dubbed implied warranty, but was based, rather, on the builder's express promise to guard against the risk of loss alleged to have occurred.

which Cummings was riding and that claim arose by reason of a duty imposed by law, Travelers had no obligation to the plaintiffs as a result of any duty imposed by law. Plaintiffs' sole claim against Travelers has been and is contractual.

The nature and origin of this action against the owner's insurer and its claims manager is not the same as the nature and origin of an action against an owner or driver of another automobile.

The liability of the owner and driver is imposed by law and is non-consensual; the liability of the insurer and its claims manager is based on an express promise and is consensual.

Plaintiffs need not show, in this action against the insurer and its claims manager, that the owner or driver of the automobile was subject to liability because of the driver's causal negligence and Cummings' freedom from contributory negligence, but must show a promise to pay.

Plaintiffs may not recover the full money equivalent of their losses, but only the amount defendants assertedly promised to pay.

Plaintiffs' claim against Travelers and its claims manager did not accrue at the time of the automobile accident but at the time of the asserted breach of contract.

The plaintiffs' negligence claim against the owner-driver of the automobile and their promissory estoppel claim against the owner's insurer and its claims agent are different claims. This contrasts with a consumer's claim against a manufacturer, dealt with in *Southgate,* which is but a single, unitary claim, however many legal theories may have been invoked to explain or develop that claim.[13]

---

[13] *Cova v Harley Davidson Motor Co,* 26 Mich App 602, 610; 182 NW2d 800 (1970); *Parish v B F Goodrich Co, supra.*

An insurer's promise to pay an owner-driver whatever amount, within policy limits, is determined to be the owner-driver's legal liability to an injured person, and an insurer's promise to pay an injured person a definite amount or an amount determinable under a reasonably definite standard[14] are different promises, giving rise to different claims. The former claim is derivative, and the injured person's right of action against the insurer is dependent on successful maintenance of his claim against the owner-driver. The latter claim is not derivative in that the injured person's right of action against the insurer is not dependent on successful maintenance of its claim against the owner-driver.

While plaintiff's claim is in respect to Cummings' injury, this action is not to "recover damages for injuries to persons or property" but, rather, to recover damages "for breach of contract" to pay a full and equitable settlement and is, therefore, governed by the six-year, not the three-year, statute of limitations.

## V

Both parties briefed, and the trial court and the Court of Appeals considered the authorities concerning the doctrine of equitable estoppel.[15]

Equitable estoppel is essentially a doctrine of waiver. When operative, it serves to extend the applicable statute of limitations—by precluding

---

[14] The parties have not briefed or argued the enforceability of an agreement to pay a "full and equitable settlement" and therefore we have not considered that possible question. *See* 1 Corbin on Contracts, § 99, pp 444–445; 1 Williston on Contracts (3d ed), § 41, pp 129–135.

[15] *See, e.g., Renackowsky v Board of Water Commissioners of Detroit,* 122 Mich 613, 616; 81 NW 581 (1900); *Klass v Detroit,* 129 Mich 35, 40; 88 NW 204 (1901); *Yarger v Hastings,* 375 Mich 413, 418; 134 NW2d 726 (1965).

the defendant from raising the bar of the statute—
but has no effect on the determination of the
applicable statute. Promissory estoppel, in contrast
with equitable estoppel,[16] does not establish waiver
but, rather, substitutes for consideration in a case
where there are no mutual promises, enabling the
promisee to assert a separate claim against the
promisor, independent of any other claim he may
have against the promisor (e.g., subrogation or
misrepresentation) or another person (e.g., negli-
gence) and, therefore, makes applicable the statute
of limitations governing the time for bringing an
action for breach of contract.

Plaintiffs' claim of promissory estoppel against
Travelers and its claims manager does not depend
on the doctrine of equitable estoppel, and, there-
fore, whether or not they can establish the ele-
ments of equitable estoppel, they may be able to
recover on the ground of promissory estoppel.

We do not wish to be understood as indicating
any view on the merits of plaintiffs' claim. We
hold only that count I of the complaint states a
claim of promissory estoppel, albeit somewhat
inartfully, and that the six-year statute of limita-

---

[16] The distinction between promissory and equitable estoppel is
discussed in Dobbs on Remedies, § 2.3, pp 42–43:

"There are, of course, estoppels having promissory elements. Some
of these qualify as promissory estoppel cases in the sense that detri-
mental reliance on one side will suffice as 'consideration.' In other
instances, the promissory elements may be more attenuated, and may
not involve any substitute for consideration or any contract at all.
The insurance adjuster who negotiates with the plaintiff for a settle-
ment may 'lull' a plaintiff into a false sense of security so that he fails
to fle suit before the statute of limitations has run, and this may work
as an estoppel against the insurance company. Such a case involves a
promissory element in the limited sense that the adjuster's conduct
does not operate to mislead about a present fact; it operates to
mislead about future intended conduct, specifically it operates to
make the plaintiff believe that the insurer will not raise the statute of
limitations defense. But lulling is not necessarily promising, and even
if the insurance company has made no enforceable promise, it may be
estopped in such a case."

tions governs the time for commencing an action stating such a claim.

Reversed and remanded for trial on the claim of promissory estoppel.

Kavanagh, C. J., and Williams, Fitzgerald, and Blair Moody, Jr., JJ., concurred with Levin, J.

Coleman, J. (to reverse). This action, grounded in a personal injury claim, is governed by a three-year statute of limitations. Our colleagues said that plaintiffs' complaint "states a claim of promissory estoppel, albeit somewhat inartfully" and thereby transforms a tort into a contract action governed by a six-year statute of limitations. The complaint, if inartful, was so much so that no one —plaintiff, defendant, trial judge or Court of Appeals judges—knew that such a theory was involved here. To the contrary, plaintiffs admit the three-year statute of limitations applies. However, we would reverse the Court of Appeals and remand to the circuit court to allow plaintiffs to demonstrate through proper evidence, if they can, that the equity of their case should prevent the statute's application.

I

Bonnie Cummings was injured in an automobile accident on December 24, 1970. In a complaint filed March 13, 1974, she claimed to have suffered head injuries, permanent scarring, "nervous and emotional sequelae", "an aggravation of pre-existing conditions of ill being", and "pain, agony and distress, past, present and future". In the same complaint her father, Arne Huhtala, claimed to have "incurred special damages" such as "personal

property damage, travel, physicians and surgeons" and the like.

Plaintiffs claim in count I of the complaint that George Lynott, an agent for Travelers Insurance, "made representations to the plaintiffs [that] all of their damages would be fairly and justly compensated". They said Travelers "always represented that a fair and just settlement would be paid" after Bonnie Cummings' condition "had stabilized" and "assessment of the value of [the] case could be made by said insurance company and its representatives". They said Travelers "failed, refused and neglected to make payment to the plaintiffs as promised". This refusal "constitutes a breach of express and implied contract".

However, plaintiffs admitted that "the statute of limitations ran in this cause".

Defendants moved for accelerated or summary judgment, saying the statute of limitations barred the action. Noting plaintiffs' claim of an express or implied contract, defendants said the Michigan rule "is that actions which are seeking to recover for injuries to persons or property are governed by the three-year statute of limitations irrespective of how the plaintiff proceeds to such recovery".

After giving plaintiffs 20 days in which to amend the pleadings, which was done, the trial court dismissed the case. The Court of Appeals affirmed, 65 Mich App 581; 237 NW2d 567 (1975).

II

Defendants (and plaintiffs) were right concerning the three-year statute of limitations. In *Parish v B F Goodrich Co,* 395 Mich 271, 280; 235 Mich NW2d 570 (1975), we said the Court "has consistently held that the three-year limitational period

applicable to" claims such as plaintiffs' "applies without regard to whether the claim sounds in tort or contract, express or implied".[1]

Defendant cited the three cases from which *Parish* drew its conclusion. In *Coates v Milner Hotels, Inc,* 311 Mich 233, 238–239; 18 NW2d 389 (1945), the plaintiff was assaulted in her room by an intruder. One of her theories for recovery was breach of an implied contract. The Court had to decide if "an action to recover damages for personal injuries upon an implied contract theory [is] subject to the three-year limitation". It found "the better rule to be that actions for personal injuries, resulting from negligence although arising out of a breach of implied contract, are controlled by the statutory limitation of actions upon damages for injuries to the person".

The plaintiff in *Baatz v Smith,* 361 Mich 68, 70–71; 104 NW2d 787 (1960), argued that the three-year limit "applies only to actions sounding in tort but not to those brought in assumpsit even though based on tortious acts which are claimed to constitute, as well, a breach of contract". Citing *Coates* the Court said, "whether brought in tort or assumpsit, these are actions to recover damages for injuries to person". The three-year limit applied.

This Court reversed the Court of Appeals in *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 5 Mich App 452, 459; 146 NW2d 823 (1966), wherein plaintiff sought recovery for prop-

---

[1] See *Borman's, Inc v Lake State Development Co,* 60 Mich App 175, 187–188; 230 NW2d 363 (1975), saying the "vehicle of recovery (contract, tort, fraud, *e.g.)* is not determinative". In such cases, the "crucial" question "is whether or not the plaintiff was seeking damages for injury to property or person—in which case the three-year statute applies". *Also see Harrington v Nelson,* 32 Mich App 347; 188 NW2d 679 (1971); *Smith v Gilles,* 28 Mich App 166; 184 NW2d 271 (1970), and *Fries v Holland Hitch Co,* 12 Mich App 178; 162 NW2d 672 (1968).

erty damage covered by breach of an express contract. The Court of Appeals said the three-year limit applies "where an action is brought to recover damages for injury to person or property on a claim arising out of a tort or an implied contract". However, it continued, if the action "is brought on an express contract the six-year statute applies, even though damages are sought for injuries to person or property".

In reversing, the Court, 381 Mich 318, 323–325; 161 NW2d 573 (1968), noted that the Court of Appeals "did not cite a single Michigan case, or a case from any other jurisdiction * * * and its decision is *contra* to the great majority rule in the United States". The Court said *Baatz* means "that it makes no difference what form of action the plaintiff institutes in seeking recovery for damages to property or person, but in all cases such action comes within the three-year limitation rule".

## III

The complaint in our case is based on personal injuries caused by allegedly tortious conduct. Labels do not change this nor does the fact that plaintiffs are suing the driver's insurance company. Our colleagues' use of a promissory estoppel theory to find that this action "is governed by the contract statute of limitations, six years" is contrary to precedent as discussed above. The application of "promissory estoppel" in the transformed context proposed in my brothers' opinion might be appropriate in an action concerned with contract damage instead of personal and property injuries.[2] There the six-year limitation would apply in any

[2] *See Southgate Community School Dist v West Side Construction Co,* 399 Mich 72; 247 NW2d 884 (1976).

event and the issue would be only the tolling of the statute.

However, that is not our case. Here, it is acknowleged that the action originates from tort and the only question is whether the three-year limitation is tolled.

The six-year theory is even contrary to what plaintiffs sought in the courts below. After defendants' presentation on the motion for summary accelerated judgment, plaintiffs said "as far as the law goes, we agree, and of course we state this in our complaint, that the statute of limitations did run, but we rely upon the doctrine of promissory estoppel in this case". However, plaintiffs explained "sometimes [the doctrine is] called equitable estoppel and sometimes promissory estoppel". The trial court also referred to plaintiffs' "theory of promissory or equitable estoppel". Counsel and court used the terms interchangeably. Now, some of this Court assert that by the same names we can at this level create a different rose. We would not retry plaintiffs' case.

When the court granted defendants' motion to dismiss, it said plaintiffs' position was that "under the theory of equitable estoppel the statute of limitations did not run since defendants were estopped through their conduct". If plaintiffs are "to have available the doctrine of equitable estoppel" they need to show that "misrepresentations were made", they "relied on such misrepresentations" and "as a result thereof the statute of limitations ran".

Plaintiffs did not object to the court's characterization of their theory. They did file an amended complaint within the 20 days assigned. Their attorney suggested in oral argument that the case go to trial and "if the court is satisfied or believes

there is no basis for a cause of action on the equitable estoppel theory that it would grant the defendants' motion for a directed verdict". The court instead granted defendants' motion to dismiss.

In *Renackowsky v Board of Water Commissioners of Detroit*, 122 Mich 613, 616; 81 NW 581 (1900), the Court remanded the case to permit plaintiff an opportunity to show "that, before the time fixed by statute for the bar, the defendant, by its course of conduct, led the plaintiff to believe that a suit to enforce his rights would be unnecessary, and thereby lulled him into a feeling of security". *Klass v Detroit*, 129 Mich 35, 39–40; 88 NW 204 (1901), noted that estoppel "seems to be limited to cases involving an intentional or negligent deception". *Klass* indicates that the defendant may raise the statute of limitations "unless it can be fairly said" that plaintiffs were induced to postpone action "upon some reasonably well grounded belief" that the claim would be adjusted if they did not sue.[3]

We believe plaintiffs should have an opportunity to present their case. The question of whether equitable estoppel applies cannot be fairly answered solely on the bases of these pleadings and interrogatories.[4] There are problems here which require more detail. For example, what did defendant precisely promise, was plaintiffs' reliance reasonable, was plaintiffs' two-year wait after surgery reasonable, should plaintiffs or defendants have taken additional steps? It is plaintiffs' obligation to

---

[3] *Also see Yarger v Hastings*, 375 Mich 413; 134 NW2d 726 (1965), and *DiGiovanni v Yacenick*, 9 Mich App 590; 157 NW2d 785 (1968).

[4] Count II of plaintiffs' amended complaint charges fraudulent misrepresentation, but offers no facts in support, nor were such offered in oral presentations. We find no merit in the charge and will discuss it no further.

demonstrate that equitable estoppel should apply. We reverse and remand to the trial court to give them the opportunity.

Ryan, J., concurred with Coleman, J.