LEAR v BRIGHTON TOWNSHIP

Docket No. 112138. Submitted December 21, 1989, at Lansing. Decided April 10, 1990.

Donald and Alice Lear, owners of lakefront property in Brighton Township, Livingston County, brought an action in the Livingston Circuit Court against Brighton Township and others. Plaintiffs alleged that they were third-party beneficiaries of a contract between Brighton Township and Livingston County relating to the maintenance by the township of a lake improvement system and that the township breached the contract by failing to properly maintain the system, resulting in flooding on, and damage to, plaintiffs' property. The trial court, Stanley J. Latreille, J., granted summary disposition in favor of the township, ruling that plaintiffs' action was not filed within the three-year period of limitation provided by statute for actions for property damage. Plaintiffs appealed, claiming that their action is governed by the six-year period of limitation provided by statute for actions based on contract.

The Court of Appeals *held*:

Where the nature and origin of an action to recover damages for injury to property arises by implication of law, the three-year limitation period applies, despite the fact that the claim may have been stated under an implied contract theory. In this case the nature of plaintiffs' claim is one of negligence, nuisance or trespass, thus arising out of a duty imposed by law.

Affirmed.

LIMITATION OF ACTIONS — CLAIMS FOR PROPERTY DAMAGE — CONTRACTS — TORTS.

An action to recover damages for injury to property is governed by a three-year period of limitation, even if the claim is stated under an implied contract theory, where the nature and origin of the action arises by implication of law, e.g., negligence, nuisance or trespass (MCL 600.5805[8]; MSA 27A.5805[8]).

REFERENCES

Am Jur 2d, Limitation of Actions §§ 85, 99.

See the Index to Annotations under Contracts; Limitation of Actions; Property; Third-Party Beneficiaries.

*Petz & Povlitz, P.C.* (by *Frederick A. Petz* and *Paul C. Louisell*), for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton, P.C.* (by *Michael L. Updike*), for Brighton Township.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and G. S. ALLEN,* JJ.

PER CURIAM. Plaintiffs Donald and Alice Lear appeal from the circuit court's dismissal of their action against defendant Brighton Township. The court dismissed plaintiffs' claim on the ground that it was barred by the three-year statute of limitations. Plaintiffs brought the present action against defendant township for breach of contract, claiming that they were third-party beneficiaries of a contract between Brighton Township, Livingston County, and the Livingston Department of Public Works. The contract involves the county's and township's rights and responsibilities for maintaining the lake improvement system for Lake of the Pines, located in Brighton Township. Plaintiffs owned property on the lake, which was damaged by flooding in the spring and summer of 1982. Plaintiffs filed their complaint against Brighton Township and several other defendants in August of 1987.

Plaintiffs' complaint against the defendant township purported to state a claim for breach of contract in maintaining the lake improvement system. Plaintiffs alleged that the failure to properly maintain the system resulted in flooding of plaintiffs' property, causing damage and diminished property value. Although not parties to a

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

contract involving defendant township, plaintiffs claimed to be third-party beneficiaries of the contract between the township, the county, and the department of public works. The contract in question, titled "Livingston County Lake Improvement System No. 1 Contract," states that the lake improvement project was being undertaken in order to benefit the residents of the area, the township, and the individual lake users. Defendant township apparently did not challenge plaintiffs' status as third-party beneficiaries to this contract and the lower court never addressed this issue.

Defendant Brighton Township moved for summary disposition of plaintiffs' complaint pursuant to MCR 2.116(C)(7), (8), and (10), on the grounds that it was barred by the statute of limitations and governmental immunity. The circuit court granted defendant's motion, holding that plaintiffs' claim was barred by the three-year period of limitation in MCL 600.5805(8); MSA 27A.5805(8). The court declined to address the question whether plaintiffs' claim was barred by governmental immunity.[1]

Plaintiffs claim that the circuit court erred in applying the three-year period of limitation provided under MCL 600.5805(8); MSA 27A.5805(8) to their complaint for breach of contract. Plaintiffs argue that the proper limitation period for their contract action should be six years, as provided under MCL 600.5807(8); MSA 27A.5807(8). We find no error, and affirm the trial court's dismissal.

Where the nature and origin of an action to recover damages for injury to property arises by

---

[1] Review of plaintiffs' complaint indicates that plaintiffs' damages are due to the intrusion of flood water onto plaintiffs' land, and that this flooding was due to defendant's actions or omissions. Plaintiffs' complaint states a cause of action for intrusive or trespass-nuisance under *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139; 422 NW2d 205 (1988), and so is not barred by the doctrine of governmental immunity.

"implication of law," the three-year limitation period under § 5805(8) applies, despite the fact that the claim is stated under a contract theory. *Huhtala v Travelers Ins Co*, 401 Mich 118, 126-127; 257 NW2d 640 (1977); *State Mutual Cyclone Ins Co v O & A Electric Cooperative*, 381 Mich 318; 161 NW2d 573 (1968); *Ins Co of North America v Manufacturer's Bank of Southfield, N A*, 127 Mich App 278, 285; 338 NW2d 214 (1983) (MICHAEL J. KELLY, J., concurring). However, where the contract action is based upon the breach of an express promise, then the six-year limitation period provided by § 5807(8) applies. *Huhtala*, pp 127-128; *Weeks v Slavik Builders Inc*, 384 Mich 257, 259; 181 NW2d 271 (1970).

Plaintiffs' breach of contract claim against defendant township is not based upon breach of an express promise. Rather, plaintiffs claim negligence on the part of the township in carrying out its responsibilities under the contract. Plaintiffs' claim is an action to recover damages for injury to property due to defendant township's negligence, which is a claim arising under a duty imposed by law. *Huhtala*, pp 127-128. Alternately, plaintiffs' claims could be characterized as actions for nuisance or trespass, which would also be actions arising under a duty imposed by law. Thus the applicable period of limitation for plaintiffs' claim for breach of contract is three years under § 5805(8).

Under § 5805(8), the limitation period begins to run at the time of the injury, here the summer of 1982. Plaintiffs' contract action, filed in August of 1987, exceeded the statutory period. The circuit court properly dismissed plaintiffs' claim as time-barred.

Affirmed.