WEEKS v. SLAVIK BUILDERS, INC.

1. CONTRACTS—FIXTURES—WARRANTIES—BREACH.

Express and implied warranties made before construction of a home became a contractual obligation when the cement tiles thus warranted were personal property; the transformation of such tiles into realty by incorporating them as a part of the new home, did not change or alter the builder's obligation as co-warrantor with the manufacturer of the tiles and that obligation became actionable upon discovery by the buyers of the fact of breach.

2. ACTION—WARRANTIES—BREACH.

Breach of builder's warranties that it would install on the roof of a dwelling specifically identified cement tiles which would measure up, in roofing service, to the warranties made gave rise to plaintiffs' cause of action when the breach was discovered or reasonably should have been discovered (MCLA § 600.5833).

3. LIMITATION OF ACTIONS—IMPLIED WARRANTY—BREACH.

The plaintiffs, buyers of a new home, commenced their action for breach of implied warranty of a leaking roof within the statutory time period, although more than six years after the first leak in the roof occurred, where the action was commenced within a reasonable time after it was determined that repairs would not correct the leaking roof (MCLA § 600.5833).

Appeal from Court of Appeals, Division 2, McGregor, P. J., and Danhof and Larnard, JJ., affirming Washtenaw, William F. Ager, Jr., J. Considered on the application for leave to appeal on November

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Building and Construction Contracts §§ 27, 28.
[2, 3] 13 Am Jur 2d, Building and Construction Contracts § 114.

11, 1970. (Docket No. 53,026.) Decided November 27, 1970.

24 Mich App 621 affirmed.

Complaint by Robert P. Weeks and Frances W. Weeks against Slavik Builders, Inc., for breach of express and implied warranties and misrepresentation. Judgment for plaintiffs. Defendant appealed. Affirmed by Court of Appeals. Affirmed on defendant's application for leave to appeal.

*Erwin A. Salisbury,* for plaintiffs.

*Dobson, Griffin & Barense,* for defendant.

Per Curiam. Defendant Slavik seeks review of the judgment entered below (*Weeks* v. *Slavik Builders, Inc.* [1970], 24 Mich App 621). We grant leave and order summary affirmance for reasons given below.

The express and implied warranties considered in the opinion of Division 2 were made before construction of the home defendant Slavik agreed to construct for plaintiffs. Those warranties became a contractual obligation when the Anza cement tiles thus warranted were personal property. The transformation of such tiles into realty, by incorporating them as a part of the new home, did not change or alter Slavik's obligation as co-warrantor with Anza Industries of America. That obligation became actionable upon discovery by plaintiffs of the fact of breach.

The instant action is not one for damages for injuries to property within § 5805 of the Revised Judicature Act (CLS 1961, § 600.5805 [Stat Ann 1962 Rev § 27A.5805]), or within the rule of *State*

*Mutual Cyclone Insurance Company* v. *O & A Electric Cooperative* (1968), 381 Mich 318. No property of the plaintiffs was "damaged" by defendant Slavik at any time. Instead, defendant Slavik warranted to plaintiffs that it would install on the roof of the dwelling the specifically identified Anza cement tiles which would measure up, in roofing service, to the warranties made. Such warranties were breached as found below, giving rise to plaintiffs' cause when the breach was discovered, or reasonably should have been discovered within § 5833 of the Revised Judicature Act (CLS 1961, § 600.5833 [Stat Ann 1962 Rev § 27A.5833]).

As against defendant Slavik's claim that this action was not commenced within six years after discovery of the first leak of the roof, we find that Division 2 correctly applied the rule of *Felt* v. *Reynolds Rotary Fruit Evaporating Company* (1884), 52 Mich 602. The rule of that case was not changed or affected with advent of mentioned § 5833. Instead, § 5833 was expressly based upon the rule of *Felt* v. *Reynolds* and intended, by the new statutory language, to apply *Felt's* rule in favor of any victim of the breach of a warranty of quality or fitness. For verification see the committee comment appearing under § 5833 (MCLA § 600.5833 [Stat Ann 1962 Rev § 27A.5833]).

Affirmed accordingly. Costs of all courts to plaintiffs.

T. E. BRENNAN, C. J., and DETHMERS, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.

KELLY, J., did not sit in this case.