SOUTHGATE COMMUNITY SCHOOL DISTRICT v WEST SIDE
CONSTRUCTION CO

LIMITATION OF ACTIONS—SALES—CONTRACTS—PRIVITY—UNIFORM COM-
MERCIAL CODE—STATUTE OF LIMITATIONS—WARRANTIES.

Michigan's Uniform Commercial Code limitation of four years
applicable to an action for breach of any contract for sale bars
a suit even where there is lack of privity of contract between a
manufacturer and the purchaser of the goods (MCLA
440.2725[1]).

Appeal from Wayne, George T. Martin, J. Sub-
mitted June 5, 1975, at Detroit. (Docket No.
20151.) Decided August 26, 1975. Leave to appeal
applied for.

Complaint by Southgate Community School Dis-
trict against West Side Construction Company,
Reliance Insurance Company and Kentile Floors,
Inc., for damages for breach of warranties of mer-
chantability and fitness. Judgment for defendants.
Plaintiff appeals. Affirmed.

*R. G. Corace, P. C.* (by *Wayne A. Smith*), for
plaintiff.

*Honigman, Miller, Schwartz & Cohn,* for defend-
ant Kentile Floors.

Before: DANHOF, P. J., and R. B. BURNS and
R. M. MAHER, JJ.

R. M. MAHER, J. On September 14, 1973, plaintiff
filed a complaint alleging that on March 6, 1967, it

REFERENCE FOR POINTS IN HEADNOTE
67 Am Jur 2d, Sales §§ 311–313.

had entered into an agreement with defendant, West Side Construction Company, for the construction of a new elementary school. Plaintiff claimed, among other things, that flooring tiles installed by West Side Construction Company on January 20, 1969, and manufactured by defendant, Kentile Floors, Inc., "when manufactured, were not merchantable, fit for the purposes for which they were sold, and of sufficient quality to perform the purpose for which they were sold, in that they were unstable because of water soluble chemicals contained therein, including, without limitation, dicyandiamide and phthalates, which when dissolved caused the degradation of the mastic adhering the tiles to the slabs, destruction of the adhesion bond and contraction of the tiles". Plaintiff sought to recover the cost of replacing the tiles and consequential damages for increased maintenance cost due to the defective tiles.

On December 6, 1973, Kentile filed a motion for accelerated judgment, GCR 1963, 116.1(5), alleging that plaintiff's suit was barred by MCLA 600.5805; MSA 27A.5805, which provides a 3-year period of limitations for "actions to recover damages for injuries to persons and property". The motion was denied on the basis that MCLA 600.5805; MSA 27A.5805 only applies where an allegedly defective product causes injury to property separate and distinct from the faulty product.

On February 12, 1974, Kentile filed a motion for rehearing, alleging that MCLA 440.2725; MSA 19.2725, which provides that any "action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued", barred plaintiff's suit. On rehearing, the trial court granted Kentile's motion for accelerated judgment, finding MCLA 440.2725; MSA

19.2725, Michigan's Uniform Commercial Code limitation of 4 years, applicable, despite lack of privity between plaintiff and Kentile.

Plaintiff does not challenge the trial court's determination that the present cause of action arose on January 20, 1969, more than 4 years prior to institution of suit, only the application of MCLA 440.2725(1); MSA 19.2725(1), which provides:

> "An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it."

Concededly, no privity of contract exists between plaintiff and Kentile, and plaintiff asserts the applicability of MCLA 600.5813; MSA 27A.5813, which states:

> "All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

The above catch-all provision obviously does not apply where another statute would cover the claim. Does Michigan's Uniform Commercial Code limitation of 4 years apply?

Although plaintiff argues that it does not rely on Michigan's Uniform Commercial Code, it alleged Kentile's breach of implied warranties of fitness and merchantability. MCLA 440.2314; MSA 19.2314, MCLA 440.2315; MSA 19.2315. Whether or not the lack of privity of contract precludes application of MCLA 440.2725(1); MSA 19.2725(1),

thereby mandating reversal of the trial court, is the question. The answer is no.

The Uniform Commercial Code leaves the issue of privity for state court determination. MCLA 440.2313; MSA 19.2313, Official U.C.C. Comment 2. "Michigan's rejection of privity is not limited to tort actions as opposed to actions based on warranty whether express or implied." *Reid v Volkswagen of America, Inc,* 512 F2d 1294, 1298 (CA 6, 1975). In *Reid,* the United States Court of Appeals for the sixth circuit was asked to decide whether a products liability, personal injury action, alleging breach of express and implied warranties where there was no privity of contract, was governed by Michigan's general personal injury limitation of 3 years or Michigan's Uniform Commercial Code limitation of 4 years. After concluding that the Michigan Supreme Court would, if faced with the same question, decide that Michigan's Uniform Commercial Code period of limitations applies, the Court in *Reid* found no requirement of privity for actions based on express or implied warranty:

"Michigan's own jurisprudence records the categorical elimination of privity. This Court had previously extended abstracter liability consonant with the historical growth in reliance and use of abstracts and the corresponding changes in the law to known relying third-parties. Confronted now as of first impression with the question of abstracter liability to foreseeable relying third-parties, we have but to apply our own persuasive precedent of categorical elimination of privity to an analogous situation, and we do so.

\* \* \*

"On the basis of *[Spence v Three Rivers Builders & Masonry Supply, Inc,* 353 Mich 120; 90 NW2d 873 (1958)]* and a plethora of jurisdictions in the United States a good case is made for abolishing contractual privity and permitting suit in 'negligence or implied

warranty' by any foreseeable third-party who would and does rely on the abstract." *Reid v Volkswagen of America, Inc, supra,* 1298, quoting *Williams v Polgar,* 391 Mich 6, 18; 215 NW2d 149 (1974).

See also, *Zahler v Star Steel Supply Co,* 50 Mich App 386; 213 NW2d 269 (1973), where without discussion, MCLA 440.2725; MSA 19.2725 appears to have been applied absent privity of contract.

We find Michigan's Uniform Commercial Code limitation of 4 years, MCLA 440.2725; MSA 19.2725, to bar plaintiff's suit in this case. GCR 1963, 116.1(5). To find otherwise would create an anomaly in the law that would allow a plaintiff not in privity with the manufacturer 6 years to bring an action but bar a suit brought by a plaintiff in privity with the manufacturer after 4 years.

Affirmed. Costs to defendant, Kentile Floors, Inc.