SOUTHGATE COMMUNITY SCHOOL DISTRICT v WEST SIDE
CONSTRUCTION COMPANY

Docket No. 57484. Argued November 4, 1976 (Calendar No. 3).—
Decided December 27, 1976. Rehearing denied 400 Mich 951.

Southgate Community School District brought a complaint
against West Side Construction Company, Reliance Insurance
Company, and Kentile Floors, Inc., for damages for breach of
implied warranties of merchantability and fitness of flooring
tiles manufactured by Kentile, which were installed by West
Side under a contract for construction of a new school. The
complaint was filed 4-1/2 years after the plaintiff's architect
wrote to the contractor about defects in the tiles which had
loosened, contracted, and exuded substances along the joints.
The Wayne Circuit Court, George T. Martin, J., granted accel-
erated judgment to defendant Kentile on the ground that the
four-year statute of limitations in the Uniform Commercial
Code applied despite lack of privity between the plaintiff and
Kentile. The Court of Appeals, Danhof, P. J., and R. B. Burns
and R. M. Maher, JJ., affirmed (Docket No. 20151). Plaintiff
appeals. *Held:*

1. The statute of limitations in the Uniform Commercial
Code § 2-725 applies only to an action for breach of a contract
for sale, and was not meant to apply to actions on implied
warranties between consumers and manufacturers who were
never in any commercial relationship or setting. Application of
that statute to the plaintiff's action was erroneous.

2. The three-year statute governing actions to recover dam-
ages for injuries to property applies to this case although no
damage occurred to property other than the product itself.
Although the tiles and mastic were the manufacturer's product,
they had become the plaintiff's property. Plaintiff's complaint

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 92 *et seq.*
[2, 4] 63 Am Jur 2d, Products Liability §§ 113, 114.
[3] 63 Am Jur 2d, Products Liability § 110 *et seq.*
[5] 63 Am Jur 2d, Products Liability § 92.
[6, 8] 63 Am Jur 2d, Products Liability § 30.
[7] 51 Am Jur 2d, Limitation of Actions § 61.

alleged that a chemical in the tiles caused degradation of the mastic adhering the tiles to the slabs, destruction of the adhesion bond, contraction of the tiles, formation of exudations along the joints between the tiles, and raising and destruction of the tiles. No one could seriously question that the complaint alleges that the plaintiff had been injured in its property.

3. The question of when the plaintiff's cause of action accrued does not appear to be resolved from the face of the pleadings or otherwise from the record. The letter which the plaintiff's architect wrote to the contractor 4-1/2 years before filing suit demonstrates that then the plaintiff had discovered that either the tiles were defective or their installation was defective. The gravamen of this complaint is the deterioration of the product itself over a period of time; therefore, the claim accrued when the plaintiff discovered or reasonably should have had knowledge of the manufacturer's breach of warranty. The Court of Appeals is reversed and the matter remanded to the circuit court for a determination whether the claim accrued more than three years prior to the commencement of the action.

Reversed and remanded for further proceedings.

Justice Williams dissented on the ground that the Uniform Commercial Code establishes a right of recovery for personal injuries separate from and in addition to the judicially developed "products liability". He agreed with the circuit court that the three-year statute of limitations is inapplicable to actions like this one where the only damaged property is the product manufactured by the defendant. The use of the word "injury" in the three-year statute indicates that coverage includes those situations where the product sold causes injury to someone or something else, rather than suffering deterioration itself as in this case. It is not at all clear that the three-year statute was meant to apply; therefore the six-year statute of limitation is applicable.

63 Mich App 634; 234 NW2d 738 (1975) reversed.

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—UNIFORM COMMERCIAL CODE—BREACH OF CONTRACT—IMPLIED WARRANTY.

The statute of limitations in Uniform Commercial Code § 2-725 applies only to an action for breach of any contract for sale, and does not apply to actions for breach of implied warranty between consumers and manufacturers who were never in any commercial relationship or setting (MCL 440.2725; MSA 19.2725).

2. PRODUCTS LIABILITY—RIGHT OF ACTION—IMPLIED WARRANTY.

A consumer's right of action against a remote manufacturer is not dependent on the existence of contract or contract principles; product warranties adhere by implication of the law.

3. LIMITATION OF ACTIONS—PRODUCTS LIABILITY—INJURY TO PROPERTY.

The three-year statute of limitations governing actions to recover damages for injuries to property applies to a product liability action for breach of an implied warranty although the complaint alleges that no damage occurred other than to the product itself; the manufacturer had made the product, but it became the plaintiff's property after the sale (MCL 600.5805[7]; MSA 27A.5805[7]).

4. LIMITATION OF ACTIONS—PRODUCTS LIABILITY—ACCRUAL OF CLAIM.

A product liability action accrued when the plaintiff discovered or reasonably should have had knowledge of the manufacturer's breach of implied warranty where there was no sudden injury to person or property and where the gravamen of the complaint is the deterioration of the product itself over a period of time (MCL 600.5833; MSA 27A.5833).

DISSENTING OPINION

WILLIAMS, J.

5. PRODUCTS LIABILITY—BREACH OF WARRANTY—UNIFORM COMMERCIAL CODE.

*The Uniform Commercial Code establishes a right of recovery for personal injuries resulting from breach of warranty separate from and in addition to the judicially developed "products liability" action.*

6. LIMITATION OF ACTIONS—PRODUCTS LIABILITY—INJURY TO PROPERTY—INJURY TO PRODUCT.

*The three-year statute of limitations for actions to recover damages for injuries to persons and property is not clearly meant to apply to an action against a manufacturer for a defective product where the only damaged property is the product manufactured by the defendant; the use of the word "injury" in the statute indicates that coverage includes those situations where the product sold causes injury to someone or something else, rather than suffering deterioration itself (MCL 600.5805[7]; MSA 27A.5805[7]).*

7. Limitation of Actions—Statute of Limitations.

*Any personal cause of action not clearly otherwise provided for
must come within the six-year statute of limitations (MCL
600.5813; MSA 27A.5813).*

8. Limitation of Actions—Products Liability—Injury to Product.

*The six-year statute of limitations governing personal causes of
action not otherwise provided for by statute applies to a prod-
uct liability action for breach of an implied warranty where the
complaint alleges no damage other than to the product itself
(MCL 600.5813; MSA 27A.5813).*

*R. G. Corace, P. C.* (by *Wayne A. Smith)* for
plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *James
K. Robinson; Trachman & Krosner,* of counsel) for
defendant Kentile Floors, Inc.

FITZGERALD, J. This is a products liability action
by which plaintiff, not in privity of contract with
defendant manufacturer, seeks to recover on an
implied-warranty theory the cost of maintenance,
repair and ultimate replacement of an allegedly
defective product. There was no personal injury
involved, nor was there any damage claimed for
injury to property other than deterioration of the
product itself.[1] The trial court granted defendant's
motion for accelerated judgment on the grounds
that plaintiff's action was time-barred by UCC § 2-

---

[1] "On principle the manufacturer should be required to stand
behind his defectively-manufactured product and held to be accounta-
ble to the end user even though the product caused neither accident
nor personal injury. The remote seller should not be insulated from
direct liability where he has merely mulcted the consumer." *Cova v
Harley Davidson Motor Co,* 26 Mich App 602, 609; 182 NW2d 800
(1970). *See, also, Spence v Three Rivers Builders & Masonry Supply,
Inc,* 353 Mich 120; 90 NW2d 873 (1958).

725.[2] The Court of Appeals affirmed at 63 Mich App 634; 234 NW2d 738 (1975). The question on appeal is whether the correct statute of limitations was applied by the courts below.

I

On March 6, 1967, plaintiff-appellant Southgate Community School District entered into an agreement with West Side Construction Company, also a defendant herein, for the building of a new elementary school. Part of the agreement included the construction of concrete slab floors, upon which West Side was to supply and lay resilient tiles. West Side's performance bond was executed by defendant Reliance Insurance Company as insurer.

The tiles selected by West Side were manufactured by defendant-appellee Kentile Floors, Inc. There was no direct relationship between Southgate and defendant Kentile. At some unidentified time, the tiles were purchased from Kentile by Advance Floor Coverings, Inc, from whom they were acquired by West Side or its subcontractor.

Based on plaintiff's requests for admissions, it appears that "West Side completed installation of the tiles on or about October 31, 1967", and that "exudations between the tiles appeared first, and

---

[2] MCLA 440.2725; MSA 19.2725 reads in part as follows:

"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

certain of the tiles became loosened * * * within one week after West Side completed installation of the tiles". It is further evident from plaintiff's requests for admissions that classroom number 9 of the school evidenced some tile adhesion failure on or before July 1, 1968. On January 20, 1969, plaintiff's architect wrote to West Side as follows:

"Please be advised that the resilient floor installation has continued to fail and it is now apparent that many areas of flooring will have to be replaced under the terms of the guarantee against defects in material or installation.

"It is becoming increasingly apparent that defective Kentile materials, mastic adhesive, or tile were incorporated in the work or improper methods or procedure were employed in the installation of the floor covering.

"You are hereby notified that, unless other causes for failure are established, beyond a reasonable doubt, the floor covering must be replaced under the terms of the guarantee against defective labor and material. This guarantee extends also to your sub-contractor, Davis Floor Company, and to the manufacturer of the material, Kentile.

"We will cooperate in any way to expedite correction of this problem and assist in determining the cause of failure and best method for correction."

The letter, marked exhibit D, was attached to plaintiff's complaint which was filed September 14, 1973. The complaint alleged, *inter alia,* that the tiles were defective and sought recovery for increased maintenance costs at the school necessary to remove exudations as they appeared between the tiles in the amount of $25,000, and an additional $25,000 for tile replacement. The action was brought against West Side and its surety, Reliance, on the construction agreement, and against Ken-

tile for its products liability as manufacturer of the tiles.

Our inquiry herein concerns only the propriety of the accelerated judgment under GCR 1963, 116.1(5) (statute of limitations) entered by the trial court against plaintiff Southgate and in favor of defendant Kentile.

## II

The manufacturer's duty to the consumer with regard to products which it puts into the stream of commerce does not generally arise out of a contract for sale, and is therefore not limited by the UCC:

"While some of the concepts (e.g., implied warranty) developed by the courts in creating the consumer's right of direct action against the manufacturer have been enacted into statute, the .UCC draftsmen have acknowledged that the consumer's remedy is not statutory, but essentially a judicial development which the courts should be free to develop further. The UCC did not create a new and separate consumer's product liability claim against the manufacturer."[3]

By its terms, UCC § 2-725 applies only to an "action for breach of any contract for sale", and was not meant to apply to actions between consumers and manufacturers who were never in any commercial relationship or setting. For example, the parties to the contract may agree under UCC § 2-725(1) to reduce the limitations period to not less than one year, but such an agreement could not bind one not privy to the parties' agreement and whose cause of action does not arise therefrom. Furthermore, under subsection 2, a cause of

---

[3] *Parish v B F Goodrich Co*, 395 Mich 271, 280; 235 NW2d 570 (1975), footnote omitted. *See, also, Cova, supra,* at 611.

action for breach generally accrues when tender of delivery is made. If applicable to the consumer's products liability action against a remote manufacturer, the statute could run before all elements of plaintiff's claim were present.[4] For these reasons, we hold that application by the lower courts of UCC § 2-725 to bar plaintiff's action was error.

## III

The question becomes whether plaintiff seeks "to recover damages for injuries to * * * property"[5] or whether its suit fits within the catch-all statute governing "[all] other personal actions."[6]

Plaintiff argues that the three-year injury-to-property statute does not apply because no damage occurred to property other than the product itself. Plaintiff further argues that the word "injuries" is used in the statute to describe a physical event:

"Thus, to fall within the statute, the damages sought must be attributable to 'injury', in some physical sense, to specific property. The phrase 'injuries to property' implies that the 'property', prior to and but for the consequence of some cause external to itself, attributable to the defendant, was, and would have remained, in an unaltered state; that some cause external to the 'property' itself has caused a physical change in the 'property'."[7]

Plaintiff's complaint, however, alleges the follow-

---

[4] *See Parish, supra,* at 280.

[5] MCLA 600.5805(7); MSA 27A.5805(7) reads as follows:

"The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

[6] MCLA 600.5813; MSA 27A.5813 reads as follows:

"All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

[7] Plaintiff's supplemental brief, p 3.

ing: that water-soluble chemicals contained in the
tiles "caused the degradation of the mastic adher-
ing the tiles to the slabs, destruction of the adhe-
sion bond and contraction of the tiles"; further,
that these chemicals caused the "formation of
exudations along the joints between the tiles, con-
traction of the tiles, and raising and destruction of
the tiles".

Metaphysics aside, no one entering the Howard
D. Allen Elementary School, upon physically con-
fronting such a loose, cracked and oozing floor and
being informed of the alleged cause, could seri-
ously question that plaintiffs had been injured in
its property. Although the tiles and the mastic
were the manufacturer's product, they neverthe-
less had become plaintiff's property.

Plaintiff argues that this case is controlled by
*Weeks v Slavik Builders, Inc,* 384 Mich 257; 181
NW2d 271 (1970), and that the present issue in
this Court is whether *Weeks* is to be reaffirmed or
overruled. We disagree. In *Weeks,* the cement
roofing tiles had been *expressly* warranted by
defendant builder before installation:

"Those warranties became a contractual obligation
when the Anza cement tiles thus warranted were per-
sonal property. The transformation of such tiles into
realty, by incorporating them as a part of the new
home, did not change or alter Slavik's obligation as co-
warrantor with Anza Industries of America." 384 Mich
at 258.

It was therefore in this contractual context that
this Court held that plaintiff Weeks' action was
not barred by the three-year statute of limitations:

"The instant action is not one for damages for inju-
ries to property within § 5805 of the Revised Judicature

Act (CLS 1961, § 600.5805 [Stat Ann 1962 Rev § 27A.5805]), or within the rule of *State Mutual Cyclone Insurance Co v O & A Electric Cooperative,* 381 Mich 318 [161 NW2d 573] (1968). No property of the plaintiffs was 'damaged' by defendant Slavik at any time. Instead, defendant Slavik warranted to plaintiffs that it would install on the roof of the dwelling the specifically identified Anza cement tiles which would measure up, in roofing service, to the warranties made. Such warranties were breached as found below, giving rise to plaintiffs' cause when the breach was discovered, or reasonably should have been discovered within § 5833 of the Revised Judicature Act (CLS 1961, § 600.5833 [Stat Ann 1962 Rev § 27A.5833])." 384 Mich at 258–259.

As discussed, *supra,* the consumer's right of action against a remote manufacturer is not dependent on the existence of contract or contract principles; product warranties adhere by implication of the law. *Weeks* is not controlling. The three-year statute governing actions "to recover damages for injuries to * * * property" applies to this case.

IV

There remains a disputed question of fact which, on defendant's motion for accelerated judgment, should be resolved in the trial court in accordance with GCR 1963, 116.3. Contrary to defendant's assertion, the question of when plaintiff's cause of action accrued does not appear from the face of the pleadings or otherwise from the record. Exhibit D, quoted above, demands that West Side replace the flooring pursuant to its guarantee running to both labor and materials. The exhibit demonstrates that as of its date, plaintiff had discovered that either the tiles or their installation was defective. It does not clearly indicate when

plaintiff discovered or reasonably could have discovered that the tiles specifically were defective. In a products liability action, where there has been no sudden injury to person or property and where the gravamen of the complaint is the deterioration over a period of time of the product itself, the claim accrues when plaintiff discovers or reasonably should have knowledge of the manufacturer's breach of warranty.[8] We hold that the question of whether plaintiff's claim accrued more than three years prior to the commencement of its action is dependent upon the facts outside of this record.

The Court of Appeals is reversed, and the matter is remanded to the trial court for proceedings consistent with this opinion. Costs to abide the final outcome.

KAVANAGH, C. J., and LEVIN, COLEMAN, LINDEMER, and RYAN, JJ., concurred with FITZGERALD, J.

WILLIAMS, J. (dissenting). I dissent. My disagreement with my Brother, Justice FITZGERALD, is on two grounds.

First, as I expressed in my dissenting opinion in Parish v B F Goodrich Co, 395 Mich 271; 235 NW2d 570 (1975), I believe that "the UCC does establish its own right of recovery for personal injuries separate from and in addition to the judicially developed 'products liability'". 395 Mich 271, 285.

More importantly, however, I agree with the circuit court's conclusion that MCLA 600.5805(7); MSA 27A.5805(7), which establishes a three-year statute of limitations for "all other actions to

_____
[8] MCLA 600.5833; MSA 27A.5833. See, also, Parish, supra, at 280–281.

recover damages for injuries to persons and property", is inapplicable to a case like that before us, where the only damaged property is the product manufactured by the defendant.

As is indicated in *Schreiber v Loew's Inc,* 147 F Supp 319, 322 (WD Mich, 1957), under Michigan law "any case not clearly otherwise provided for must come within the six-year limitation". Thus, the question here becomes whether it is clearly provided that the instant action is covered under MCLA 600.5805(7); MSA 27A.5805(7).

I conclude that it is not at all clear that the three-year statute of limitations was meant to apply, and therefore, the six-year statute is applicable.

The use of the word "injury" in the three-year statute indicates that coverage includes those situations where the product sold causes injury to someone or something else, rather than suffering deterioration itself as in this case.

Also, an examination of the annotations to the three-year statute reveals that every case involving property damage pertained to damage other than that of deterioration of a defective product alone.

Given that the situation described in the instant case does not fall clearly under the three-year statute, I would hold the six-year statute applicable.