HANSON v ART POST AMERICAN, INC.

Docket No. 77-525. Submitted March 6, 1978, at Grand Rapids.— Decided May 23, 1978.

Rose C. Hanson, plaintiff, purchased an American Motors car from Art Post American, Inc., in May of 1972. On October 2, 1972, plaintiff was injured in an automobile accident as a result of the failure of the car's steering gear assembly. On October 3, 1975, plaintiff filed suit for damages for her injuries against American Motors Corporation, General Motors Corporation, General Motors Corporation Saginaw Steering Gear Division, and Art Post American, alleging breach of warranty and failure to comply with the terms and provisions of the Uniform Commercial Code. Defendants General Motors, American Motors, and Saginaw Steering Gear Division moved for accelerated judgment on the grounds that the action was barred by the three-year statute of limitations. Defendant Art Post American moved to dismiss for the same grounds and for failure to state a cause of action. The Kalamazoo Circuit Court, Donald T. Anderson, J., granted the motions of American Motors, General Motors and Saginaw Steering Gear Division, and denied the motion of Art Post American, holding that the UCC four-year statute applied to it. On rehearing, the court reversed itself and granted Art Post American's motion. Plaintiff appeals as to the Art Post American judgment. *Held:*

The four-year statute of limitations for actions based on breach of contract for sale applies only to actions based on breaches of express contractual provisions; it does not apply to breaches of implied warranties.

Remanded for further proceedings.

LIMITATION OF ACTIONS—SALES—CONTRACTS FOR SALE—IMPLIED WARRANTY.

The four-year statute of limitations for actions based on breach of contract for sale applies only to breaches of specific contractual provisions and does not apply to a breach of an implied warranty (MCL 440.2725[1]; MSA 19.2725[1]).

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur 2d, Limitation of Actions §§ 92, 102, 103, 105.

*Cornell, Dalzell & Sullivan,* for plaintiff.

*Lilly, Piatt, Doyle & Kragt* (by *Jeffery B. Horton),* for defendant Art Post American.

Before: M. F. CAVANAGH, P. J., and D. E. HOLBROOK and BEASLEY, JJ.

PER CURIAM. In May, 1972, plaintiff, Rose C. Hanson, purchased an American Motors automobile from defendant, Art Post American. The sale was completed and delivery was tendered and accepted in May of that year in Michigan. In her complaint, which was dated and filed October 3, 1975, plaintiff alleged that on October 2, 1972, she was injured in an automobile accident as a result of the failure of the automobile's steering gear assembly. Suit was instituted against American Motors Corporation; General Motors Corporation; General Motors Corporation, Saginaw Steering Gear Division; and Art Post American.

The complaint alleged a breach of warranty by all defendants, that plaintiff was the original purchaser of the automobile and that all defendants "failed the terms and provisions of the Uniform Commercial Code". The suit was instituted one day after the expiration of the general three-year statute of limitations, MCL 600.5805(7); MSA 27A.5805(7), but within the four-year statute provided by the Uniform Commercial Code, MCL 440.2725(1); MSA 19.2725(1).

Defendants General Motors, American Motors and Saginaw Steering Gear Division filed motions for accelerated judgment on the grounds that more than three years had elapsed between the accrual of the action and the filing of the complaint and the suit was therefore barred by the general three-

year statute of limitations. Defendant Art Post American filed a motion to dismiss on the same grounds as the other defendants, which motion the court treated as a motion for accelerated judgment pursuant to GCR 1963, 116.1(5). Art Post also filed a motion to dismiss on the ground that the complaint failed to state a cause of action, which the court treated as a motion for summary judgment pursuant to GCR 1963, 117.

In an opinion and order dated April 27, 1976, the trial court granted the motions filed by General Motors and American Motors and General Motors Corporation, Saginaw Steering Gear Division. It also denied both of Art Post American's motions, holding that the four-year statute of limitations provided under the UCC applied to it. However, upon rehearing, the trial court reversed its earlier decision and granted defendant Art Post's first motion holding that the general three-year statute of limitations applied. It is from this order granting defendant's motion based on the three-year statute of limitations that plaintiff appeals.

The issue presented in this Court is whether the general three-year statute of limitations or the four-year limitation period set out in the UCC applies in the present case. The general three-year statute of limitations is set out in MCL 600.5805; MSA 27A.5805, and provides in part as follows:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

* * *

"(7) The period of limitations is 3 years for all other

actions to recover damages for injuries to persons and property."

MCL 440.2725(1); MSA 19.2725(1), provides:

"An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it."

Michigan also has a six-year statute of limitations which applies to actions to recover damages for sums due for breach of contract. MCL 600.5807; MSA 27A.5807. The distinctions between the applicability of the general three-year statute of limitations and the six-year statute of limitations has been discussed in several Michigan cases. In *Weeks v Slavik Builders, Inc,* 384 Mich 257; 181 NW2d 271 (1970), *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 381 Mich 318; 161 NW2d 573 (1968), *Baatz v Smith,* 361 Mich 68; 104 NW2d 787 (1960), and *Coates v Milner Hotels, Inc,* 311 Mich 233; 18 NW2d 389 (1945), there were contractual relations between the parties to the litigation. However, as was later noted in *Huhtala v Travelers Ins Co,* 401 Mich 118; 257 NW2d 640 (1977), the general three-year statute of limitations was applied in *State Mutual, Baatz* and *Coates* while the six-year limitation was applied in *Weeks.* In *Huhtala* the Court held that the distinction in those cases centered on whether the plaintiff's claim arose out of a breach of an express contractual provision or whether the claim was one implied by law.

None of the above cited cases resolves the question in the present case. However, a similar question was presented and answered in *Reid v Volks-*

*wagen of America, Inc,* 512 F2d 1294 (CA 6, 1975). There, the driver of a Volkswagen was injured in an automobile accident and brought suit against the manufacturer to recover damages for those injuries. There was no privity of contract between plaintiff and defendant in that case. Despite this lack of privity, the Sixth Circuit Court of Appeals held, noting that Michigan had rejected the privity requirement, that the four-year statute of limitations of the UCC applied and that the plaintiff's action was not barred by the general three-year statute of limitations. However, while the analysis in that case is helpful in the decision of the present case, the holding there is not in accord with the dicta in several recent Michigan Supreme Court cases. In *Southgate Community School District v West Side Construction Co,* 399 Mich 72, 78; 247 NW2d 884 (1976), *reh den* 400 Mich 951 (1977), the Court held that:

"The manufacturer's duty to the consumer with regard to products which it puts into the stream of commerce does not generally arise out of a contract for sale, and is therefore not limited by the UCC * * *. By its terms, UCC § 2-725 applies only to an 'action for breach of any contract for sale', and was not meant to apply to actions between consumers and manufacturers who were never in any commercial relationship or setting."

See *Parish v B F Goodrich Co,* 395 Mich 271; 235 NW2d 570 (1975), *Waldron v Armstrong Rubber Co (On Remand),* 64 Mich App 626; 236 NW2d 722 (1975), *lv den,* 399 Mich 895 (1977).

While it seems clear that Michigan courts will not apply the four-year limitation of the UCC where a consumer brings an action for recovery against the manufacturer where there is no con-

tractual relation or any commercial relationship or setting, it is not clear what limitation will apply where there is privity between the parties.

The policy considerations of the UCC extend § 2-725's operation to all claims based on an agreement of the parties to the litigation and to all actions based on warranties implied from the agreement. However, such an extension does not necessarily follow from prior Michigan decisions. The Supreme Court has consistently indicated in dicta that the three-year statute of limitations is applicable in all cases where the claim is for damages for injury to person or property except where that injury results from the breach of a specific contractual provision. *Huhtala v Travelers Ins Co, supra.* Therefore, the same reasoning which was applied in that case will be applied here.

In order to apply this rule, however, it is necessary for this Court to remand the cause to the lower court to determine whether defendant has breached a contractual provision with regard to the steering mechanism. If there is such a specific provision in the sales contract, the four-year limitation set out in the UCC should be applied and the trial court's order granting accelerated judgment in favor of defendant, Art Post American, should be set aside and trial held. However, if the court finds that the cause of action arose out of the breach of an implied warranty, the three-year limitation period should apply, thus barring plaintiff's action.

The cause is remanded for further proceedings consistent with this opinion. Costs to await final disposition of the case.