OPINION OF THE COURT
Simons, J.
On February 15, 1983 plaintiff instituted this action against defendants U. S. Suzuki Motor Corp. and Jim Moroney’s Harley-Davidson Sales, Inc., seeking to recover damages for injuries he sustained in a motorcycle accident which occurred July 7,1979. U. S. Suzuki Motor Corporation is the Japanese manufacturer’s distributor of the motorcycle in the United States and Jim Moroney’s Harley-Davidson Sales, Inc., is the retailer who sold the motorcycle to plaintiff. The tort causes of action against both defendants were barred by the three-year Statute of Limitations. Accordingly, plaintiff sought to recover on claims that defendants expressly and impliedly warranted the motorcycle safe, merchantable and fit for its intended use. On this appeal he presses only a claim based upon implied warranty pursuant to Uniform Commercial Code § 2-318. The issue before us is the timeliness of plaintiff’s action against defendant U. S. Suzuki Motor Corporation, specifically, whether the cause of action accrued on the date of sale to plaintiff by the retailer or on the date of transfer of the motorcycle by the distributor to its *410 immediate purchaser, one Bakers Recreational Equipment, Inc., who then apparently transferred it to the retailer, defendant Jim Moroney’s Harley-Davidson Sales, Inc.
Uniform Commercial Code § 2-725 provides that a cause of action for breach of a contract of sale must be commenced within four years after it accrues. The action accrues when the breach occurs and, in the absence of a warranty explicitly extending to future performance, a breach occurs when tender of delivery is made. Construing this language, Special Term denied defendant Suzuki’s motion for summary judgment and dismissed its affirmative defense alleging the Statute of Limitations. It held that the cause of action against the distributor accrued when the retailer sold the motorcycle to plaintiff on April 21, 1979. The Appellate Division reversed and dismissed the complaint, holding that plaintiff’s cause of action against the distributor accrued when the distributor tendered delivery to its immediate purchaser, March 30, 1978, and therefore that the action was time-barred because it was commenced more than four years later.
Actions to recover for personal injuries based upon implied warranty originally developed in an effort to impose strict liability on manufacturers and sellers for defects in their products. The action sounded in contract and, accordingly, when contract law was applied, the warranty was considered an incident of the sale and the cause of action for its breach accrued on tender of delivery (see, Mendel v Pittsburgh Plate Glass Co., 25 NY2d 340; Blessington v McCrory Stores Corp., 305 NY 140; 1 NY PJI2d 342, 1984 Cum Supp 155-156). Moreover, because recovery was permitted only by those in privity with the defendant, the cause of action accrued at the time of sale or tender of delivery from the seller to the purchaser in privity with him. Inasmuch as the purchaser usually had no contract with the manufacturer or distributor, he had no right to recover from him in an action on implied warranty (Martin v Dierck Equip. Co., 43 NY2d 583, 589-590). Indeed, following this reasoning, some States refused to recognize an implied warranty cause of action for personal injuries by a purchaser against a remote party under Uniform Commercial Code former § 2-318 (see, e.g., Southgate School Community School Dist. v West Side Constr. Co., 399 Mich 72, 247 NW2d 884). Others, including New York, developed certain narrow exceptions to the general rules governing the statutory and common-law actions to permit warranty actions for personal injuries notwithstanding the traditional requirement of privity (see, e.g., UCC former 2-318, L 1962, ch 553; Greenberg v Lorenz, 9 NY2d 195). As we noted in *411 Martin v Dierck Equip. Co. (supra), however, there is no need to recognize an action on implied warranty for personal injuries, and contend with the serious conceptual problems which arise when it is applied to personal injury actions, if the jurisdiction recognizes a tort action in strict products liability as New York does (see also, generally, 3A Frumer and Friedman, Products Liability § 40.02; Prosser and Keeton, Torts § 97 et seq. [5th ed]). The tort remedy permits the injured plaintiff to seek redress from remote parties in the distributive chain regardless of privity.
Notwithstanding this state of the law, in 1975 the Legislature completely eliminated the requirement of privity for personal injury actions based on implied warranty by adopting a new section 2-318 of the Uniform Commercial Code (L 1975, ch 774). In doing so, it adopted the section recommended by the National Conference of Commissioners on Uniform State Laws in 1966 and described as Alternative B to section 2-318 (see, 1A ULA 53). Its purpose was to make uniform the law in the several jurisdictions desiring to expand the class of beneficiaries entitled to sue in implied warranty but which had not yet adopted the tort theory of strict products liability. Although the Code amendment was proposed to enable consumers to sue remote parties (see, 1975 NY Legis Ann, at 110), it was not entirely necessary in New York because we had decided they could do so in 1973 when we decided Codling v Paglia (32 NY2d 330) and other strict products liability cases following it.
When the Legislature amended section 2-318, it did not amend the limitations period provided in section 2-725 of the Code, however, and notwithstanding the elimination of the requirement of privity, it remains the law that a cause of action against a manufacturer or distributor accrues on the date the party charged tenders delivery of the product, not on the date that some third party sells it to plaintiff (Doyle v Happy Tumbler Wash-O-Mat, 90 AD2d 366; Fazio v Ford Motor Corp., 69 AD2d 896; 1 Weinberger, New York Products Liability § 11.04; cf. Rosenau v City of New Brunswick, 93 NJ Super 49, 224 A2d 689). It may be inferred from the amendment of section 2-318, as the dissent does, that the Legislature, by removing the prior requirement of privity, intended the date of retail sale to be the date of accrual, even for causes of action against others in the distributive chain. The short answer to that argument is that the Legislature did not say so and inasmuch as it did not amend section 2-725 to alter the existing rules on the subject we assume it intended no change (McKinney’s Cons Laws of NY, Book 1, Statutes § 222).
*412 A major purpose of the uniform acts, and for the Statutes of Limitation they contain, is to eliminate jurisdictional variations so that concerns doing business nationwide will not be governed by different periods of limitation. With that in mind, the Commissioners proposed the four-year limitation period stated in section 2-725 as consistent with modern business record keeping procedure (see, 1A ULA 525; Voth v Chrysler Motor Corp., 218 Kan 644, 545 P2d 371; Mysel v Gross, 70 Cal App 3d Supp 10, 138 Cal Rptr 873). This purpose is frustrated, however, and the period of exposure to liability becomes unpredictable if the cause of action accrues at the date of sale to the plaintiff because the product may have left the hands of remote third parties such as the manufacturer or the distributor years earlier. If the product is resold, as it was here, the limitations period for an action on implied warranty may be extended even longer. Thus, our interpretation is consistent with the purpose for the tender of delivery rule set forth in the uniform laws and by the general rule that the function of Statutes of Limitation is repose (see, Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212, 218).
This interpretation does not result in plaintiff’s remedy being foreclosed before his cause of action accrued (see, dissenting opn, at p 415, n 4). Plaintiff was injured 15 months after Suzuki sold the motorcycle to Bakers Recreational Equipment, Inc., but lie waited almost four more years before instituting this suit. His rights have been lost by his own delay, not by any construction we place on the statute. Furthermore, our interpretation does not limit available remedies generally. A consumer who acts within three years of the accident or four years from the date of sale, as the pertinent statutes provide, may now maintain causes of action in New York to recover against both immedia te and remote parties based on express or implied warranty, negligence or strict products liability (see, Voss v Black & Decker Mfg. Co., 59 NY2d 102,106). Thus, there is no need or occasion for us to reinterpret section 2-725 in a manner contrary to its language and past usage. If the limitation period for causes of action based upon warranty is to be extended by fixing a new date of accrual, the Legislature should make that change.
Accordingly, the order of the Appellate Division should be affirmed, with costs.