774 F.2d 1161
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernice Boyd, Plaintiff-Appellant,
v.
Keystone Lab., Inc., Defendant-Appellee.
 No. 85-1150
 United States Court of Appeals, Sixth Circuit.
 9/27/85
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and KENNEDY, Circuit Judges; and WISEMAN, District Judge.*
 
 
 3
 This Michigan State plaintiff appeals from a district court judgment dismissing her products liability suit without prejudice and without costs to either party. Plaintiff filed her suit on May 11, 1984 in a Michigan state court; and, it was subsequently removed to federal court on the basis of diversity jurisdiction. Plaintiff alleged that she suffered injuries on the night of April 30 and in the morning of May 1, 1981 when she applied a hair care product manufactured by the defendant. Alleging breach of express and implied warranties, plaintiff sought monetary damages, costs, interest and attorney's fees as relief for injuries caused to her scalp, eyes, face and head.
 
 
 4
 Without expanding on its reasons, the district court eventually granted the defendant's motion to dismiss without prejudice. The defendant had moved for dismissal on two alternative grounds. It asserted that plaintiff's suit was barred by a Michigan three year statute of limitations for bringing products liability suits; and, alternatively, it argued that the suit should be dismissed under 28 U.S.C. Sec. 1406 for lack of proper venue.
 
 
 5
 Upon review of the district court record in light of the arguments submitted by the parties in their respective appellate briefs, this Court concludes that the district court properly dismissed plaintiff's suit without prejudice. Venue did not exist in the Eastern District of Michigan because all matters pertaining to the lawsuit occurred in Milwaukee, Wisconsin and, by all appearances, all the potential witnesses except the plaintiff, were residents of Milwaukee, Wisconsin. Under these circumstances, the district court did not abuse its discretion in dismissing the case for improper venue. See Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980); Taylor v. Love, 415 F.2d 1118 (6th Cir. 1969), cert. denied, 397 U.S. 1023 (1970).
 
 
 6
 It also served the interests of justice to dismiss the case without prejudice because plaintiff's suit was clearly barred under the applicable Michigan three year statute of limitations for bringing products liability suits. Upon our review of Michigan's interests-analysis test as explained in Secton v. Ryder Truck Rental, Inc., 413 Mich. 406, 320 N.W.2d 843 (1982) and of Wisconsin's choice-of-law statute contained in W.S.A. Sec. 893.15, it is clear that Michigan law would apply to this case while it is maintained in a forum within the State of Michigan. Furthermore, it is clear that Michigan's three year statute of limitations contained in M.C.L.A. Sec. 600.5805(9) is applicable to this case as the plaintiff sought damages for injuries allegedly caused by a defective product. See Hanson v. American Motors Corp., 83 Mich.App. 553, 269 N.W.2d 222 (Mich.App. 1978), and cases cited therein. It is also apparent that plaintiff's cause of action accrued more than three years before she finally filed her suit as she knew or reasonably should have known that she had a possible cause of action upon discovering her injuries on the morning after she applied the hair coloring product on May 1, 1981. See Bonney v. Upjohn, 129 Mich.App. 18, 342 N.W.2d 551, 554-55 (Mich.App. 1983).
 
 
 7
 Finally, it is also apparent that plaintiff's argument for tolling of the running of the statute of limitations under M.C.L.A. Sec. 600.5853 is totally without merit. This statute provides for the tolling of a statute of limitations when a defendant is out of state and is incapable of being served with process. Plaintiff asserts no facts whatsoever to show that the defendant was not capable of being served under Michigan's long arm statute, M.C.L.A. Sec. 600.705, which allows for personal service of process on a company doing 'any business within the state.' The Michigan courts construe this long arm statute broadly to the outer limits permissible under the due process clause. See Hertzberg & Noveck v. Spoon, 681 F.2d 474, 478 (6th Cir. 1982), and cases cited therein. There is not any indication in the record to indicate that the plaintiff had difficulty in locating the defendant's principal place of business in Tennessee or in eventually serving the defendant with process upon the filing of her suit.
 
 
 8
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation