■ GEORGIANA JUNGELS, Respondent, v DELTA ELEVATOR SERVICE CORPORATION, Defendant, and DOVER ELEVATOR, Appellant. [653 NYS2d 895] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Dover Elevator dismissed. Memorandum: Plaintiff was injured when the doors of an elevator allegedly closed so quickly and with such force that she was pinned between them. She contends that the elevator and its doors were negligently designed and manufactured such that the doors could close with dangerous speed and force while persons were entering and leaving the elevator. Supreme Court erred in denying the motion of Dover Elevator Company, sued as Dover Elevator

(defendant), for summary judgment dismissing the complaint against it.

Defendant submitted evidence establishing that, when the elevator was installed in 1971, it was equipped with a photoelectric eye that would detect persons traversing the doorway and prevent the doors from closing. Further, defendant established that the elevator doors were equipped with a plastic safety edge that, upon contacting an object, would break contact with a microswitch, causing the doors to reopen. Plaintiff failed to raise a triable issue of fact in response. Plaintiff submitted the deposition testimony of an employee of the company that serviced the elevator between 1982 and 1987. The employee testified that, although the elevator had holes for a photoelectric eye, he did not recall seeing a photoelectric eye on the elevator between 1982 and 1987. That testimony, however, is insufficient to raise a triable issue of fact concerning the condition of the elevator in 1971, when it was installed. Thus, the court should have dismissed the complaint against defendant insofar as it alleges causes of action for negligence, strict products liability and failure to warn.

With respect to the remaining cause of action for breach of warranty, plaintiff failed to establish the existence of an express warranty. Further, the law in effect at the time of sale and delivery of the elevator required proof of privity of contract in actions for breach of an implied warranty (*see, Campo v Scofield*, 301 NY 468, 471; *cf., Heller v U. S. Suzuki Motor Corp.*, 64 NY2d 407, 410-411). Defendant established that plaintiff had no privity of contract with defendant, and plaintiff failed to raise a triable issue of fact in response. Thus, the motion of defendant is granted and the complaint against it dismissed. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.