■ RICHARD VANATA et al., Respondents, v DELTA INTERNATIONAL MACHINE CORP. et al., Appellants, et al., Defendants. (And a Third-Party Action.) [702 NYS2d 293] —Order and judgment (one paper), Supreme Court, New York County (James Canfield, J.), entered November 16, 1998, which, after a jury trial, found defendants liable to plaintiffs for breach of the implied warranty of merchantability on a table saw manufactured by defendants-appellants, unanimously reversed, on the

law, without costs, defendants' motion for judgment notwithstanding the verdict granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff Richard Vanata was a carpenter employed by third-party defendant Rathe Productions, a manufacturer of furniture and other consumer goods made of wood. On April 7, 1995, he sustained severe injuries when his left hand was caught in the blade of an industrial table saw manufactured by defendants-appellants in 1973. The accident occurred because he was cutting a groove in a piece of wood, known in the industry as a "dado" cut, without using the removable splitter-mounted safety guard that came with this model of table saw. Because of the way that the guard and saw were designed, this type of guard could not be used when making a "dado" cut, even though the manufacturer intended the saw to be used for "dado" cutting.

Plaintiffs Richard and Carmen Vanata brought this personal injury action, asserting causes of action for strict products liability, negligence, breach of express warranty, and breach of the implied warranty of merchantability. The essence of their argument was that the saw should not have been designed with a guard that was incompatible with one of the saw's common and intended uses. The jury found for plaintiffs only on the implied warranty claim (UCC 2-318).

Defendants' motion to set aside the verdict should have been granted, as the implied warranty claim is time-barred. As plaintiffs concede, under UCC 2-725, an action for breach of implied warranty must be commenced within four years from the date that the defendant tenders delivery of the product (*Camillo v Olympia & York Props. Co.*, 157 AD2d 34, 45). The cause of action accrues upon tender of delivery despite the aggrieved party's lack of knowledge of the breach (UCC 2-725 [2]). This rule is equally applicable to suits by a party not in privity with the manufacturer, such as the plaintiffs in the case at bar (*Heller v U.S. Suzuki Motor Corp.*, 64 NY2d 407, 411).

Here, the record clearly shows that Rathe Productions acquired the saw no later than 1983. Contrary to plaintiffs' current contentions, Mr. Vanata must have known he was answering questions about the exact same table saw that caused his accident, not just that model's general properties. Defense counsel repeatedly emphasized that they were discussing this individual machine. On cross-examination of Mr. Vanata, the following colloquy took place:

"Q. Now, sir, this particular table saw, you had worked on this saw on a number of different occasions?

"A. Yes.

"Q. And you in fact saw this saw when you started work at Rathe back in 1984?

"A. 1983, yes."

His deposition testimony, which was read into evidence at trial, proves the same point:

"Q. Did you ever complain to anyone at Rathe with regard to the operation of this particular table saw. And all my questions are referring to the saw you claim you had your accident with. Did you ever complain to anyone from Rathe Productions prior to the accident about the operation of the saw?

"A. Just general maintenance * * *

"Q. Was that machine—do you know whether this machine was purchased back in 1983?

"A. It was there when I got there.

"Q. And you started with them in 1983, correct?

"A. Correct."

Moreover, plaintiffs' own brief, in connection with their argument that none of the safety devices available in Mr. Vanata's workplace would have been compatible with "dado" cutting, paraphrases his testimony that he "had seen this saw in 1983, [and] had used it over the years to make dado cuts" without using a safety guard. In light of these admissions, it was not necessary to establish the exact date when Rathe bought the table saw. As this lawsuit was not brought until at least 12 years after the cause of action accrued, the claim is time-barred. Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.