Freda Gates POZEFSKY; Harry J. Pozefsky, an infant, by his mother and natural guardian Freda Gates Pozefsky; and David E. Pozefsky, an infant, by his mother and natural guardian Freda Gates Pozefsky, Plaintiffs,

v.

BAXTER HEALTHCARE CORPORATION, Successor–in–Interest to American Hospital Supply, and Heyer Schulte Corporation f/k/a Travenol Laboratories, Inc., Defendants.

No. 92–CV–314 (LEK/RWS).

United States District Court,
N.D. New York.

June 27, 2000.

Richard T. Aulisi, Aulisi, Skoda Law Firm, Gloversville, NY, Carmel J. Greco, Murphy, Niles Law Firm, Johnstown, NY, Olatubosun Osofisan, Office of Olatubosun, Osofisan, Latham, NY, Stephen Schnitzer, Office of Stephen Schnitzer, Livingston, NJ, for plaintiff.

Mary Kendrick Gaffney, Smith, Sovik Law Firm, Syracuse, NY, Debra E. Pole, Brobeck, Phleger Law Firm, Los Angeles, CA, Diane E. Lifton, Brobeck, Phleger Law Firm, New York City, for defendant.

*MEMORANDUM—DECISION AND ORDER*

KAHN, District Judge.

Presently before the Court are (i) defendant Baxter's motion to compel, (ii) Plaintiffs' motion to extend time to conclude expert disclosure, (iii) Plaintiffs' motion to allow additional expert disclosure, (iv) defendant Baxter's motion for summary judgment, and (v) defendant Baxter's motion to strike Plaintiff's supplemental memorandum of law in opposition to the motion for summary judgment. For the reasons set forth below, motions (i) and (v) granted; motions (ii) and (iii) are denied; and motion (iv) granted-in-part and denied-in-part.

## I. BACKGROUND

Plaintiff Freda Gates Pozefsky ("Plaintiff") filed the complaint in on March 5, 1992 for damages arising out of the February 15, 1973 surgical procedure she underwent for implantation of silicone gel-filled implants for cosmetic augmentation of her breasts. In the complaint, she alleges claims for negligence, breach of implied and express warranties, negligent failure to warn, strict liability/design defect, and fraud/misrepresentation.

This case was subsequently transferred to the Honorable Samuel C. Pointer, Jr., of the United States District Court for the Northern District of Alabama for inclusion in multi-district litigation for purposes of consolidated pre-trial proceedings. Cases before Judge Pointer were subject to a revised settlement program from which the plaintiffs could "opt out" and have their cases remanded to district from which they had originated. Plaintiff Pozefsky opted out, and Judge Pointer remanded the case to this Court on December 13, 1995.

## II. ANALYSIS

### A. Motion to Compel

Defendant Baxter seeks to compel Plaintiff to undergo a psychiatric exam to determine the existence, nature, and extent of her alleged severe and continuing emotional injury. Fed.R.Civ.P. 35 provides that physical and mental examinations may be ordered where a party's mental or physical condition is "in controversy" and "good cause" is shown. *Schlagenhauf v. Holder,* 379 U.S. 104, 106, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

While Plaintiff withdrew her claim for emotional injury, defendant Baxter maintains that a psychiatric exam is still necessary since Plaintiff's psychiatric condition could be the source for her alleged physiological medical problems. Given the possible nexus between the physical symptoms of which Plaintiff complains and her alleged psychological disorders, the Court believes an examination is merited.

### B. Cross Motions to Extend Time and Allow Additional Expert Disclosure

Plaintiff has cross-moved for additional time in which to conclude expert disclosure despite an order from then-Magistrate Judge Hurd imposing a June 15, 1999 expert disclosure deadline and stating that no further extensions would be granted. Plaintiff retained her current counsel in 1998, yet they took no action to meet a deadline that was on its third extension. Plaintiff offers no expla-

nation other than the fact that her new attorney was campaigning for a seat on the State Supreme Court and was engaged in an "extensive trial practice." That is insufficient to justify an order vacating Judge Hurd's deadline, especially in view of the order's express statement that no further extensions would be granted.

### C. Motion for Summary Judgment

The Court's role in a motion for summary judgment is not to resolve disputed issues of fact but to determine whether there are any genuine issues of material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Fed.R.Civ.P. 56(c) provides that summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. When viewing the evidence, the Court must "assess the record in the light most favorable to the non-movant" and resolve all ambiguities and "draw all reasonable inferences in its favor." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

#### 1. Expert Testimony

In the absence of expert testimony concerning the causal link between the leakage of silicone from breast implants and autoimmune or connective tissue disease, Plaintiff cannot establish a prima facie case against defendant Baxter. At the heart of this inquiry is the reliability of Plaintiff's experts.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court held that Fed.R.Evid. 702 imposes a special obligation upon a trial judge to ensure that scientific (including medical expert) testimony is not only relevant, but reliable. In examining reliability, the focus must be solely on principles and methodology, not on the conclusions that they generate. *See id.* at 594–95, 113 S.Ct. 2786. An expert's opinion should at least "have a reliable basis in the knowledge and experience" of the particular "discipline" involved. *Id.* at 592, 113 S.Ct. 2786.

Breast implant litigation has been a source of considerable scientific and legal controversy since the first wave of law suits flooded federal courts more than a decade ago. The 1998 report by the National Science Panel appointed by Judge Pointer concluded that there was no evidence in the scientific and medical studies to support claims that implants cause disease. More than twenty peer-reviewed epidemiologic, scientific studies accord with that view.

Despite this emerging consensus, courts have provided breast implant plaintiffs with their day in court in the form of a *Daubert* hearing to test the sufficiency and reliability of their proposed experts. No such process has taken place in this case, rendering summary judgment based on the lack of expert testimony premature.

#### 2. Manufacturing Defect

In order to maintain a claim based on a manufacturing defect, Plaintiff must show that the product either was not built to specifications or did not conform to the manufacturer's intended design. *See Banks v. Makita, U.S.A., Inc.*, 226 A.D.2d 659, 661, 641 N.Y.S.2d 875 (2d Dep't 1996); *Van Deusen v. Norton Co.,* 204 A.D.2d 867, 612 N.Y.S.2d 464 (3d Dep't 1994). The record is barren of any evidence whatsoever to support Plaintiff's manufacturing defect claim.

#### 3. Breach of Warranty

That is not true, however, of defendant Baxter's motion with respect to Plaintiff's breach of warranty claim. Defendant contends that the warranty claim is time-barred by New York's four year statute of limitations. Since the implant surgery occurred in 1973, Defendant argues that Plaintiff had until 1977 to commence this action.

In 1993, the New York State legislature enacted the Silicone Revival Statute to provide parties with an additional year in which to file claims. This statute, however, applies only to claims for "personal injury" and not to contractually-based claims. A breach of warranty claim sounds in contract, not in

tort. *See Heller v. U.S. Suzuki Motor Corp.,* 64 N.Y.2d 407, 488 N.Y.S.2d 132, 477 N.E.2d 434 (1985). Thus, the Silicone Revival Statute cannot revive Plaintiff's warranty claims.

 The Court would agree with that analysis but for the permutation of the "discovery rule" applicable in breast implant cases. Where a breach arises from a device implanted in a body, the action accrues on the date the device malfunctions. *See Martin v. Edwards Laboratories,* 60 N.Y.2d 417, 425, 469 N.Y.S.2d 923, 457 N.E.2d 1150 (1983). The Second Circuit has held that in the case of breast implants, malfunction occurs when the breasts rupture and begin leaking. *See Klein v. Dow Corning Corp.,* 661 F.2d 998 (2d Cir.1981). Plaintiff's implants were removed by Dr. Fox on April 20, 1992, and she commenced this action by filing a complaint on March 5, 1992. There is therefore a factual issue that neither party has addressed as to (i) any assurances that may have been made to Plaintiff concerning her implants' longevity, and, if such assurances were made and extended the warranty period, (ii) when she first observed a potential problem with her implants, thereby discovering the breach. Such an unresolved question precludes summary judgment.

As an aside, the Court notes defendant Baxter, at best, misapprehends *DeHoust v. Baxter Healthcare Corp.,* 1998 WL 512948 (S.D.N.Y.1998), when it cites the case for the proposition that there is no "discovery rule" exception to such a contract-based claim. That not only ignores Second Circuit precedent, but incorrectly interprets *DeHoust.* As Judge Baer acknowledged in denying Baxter's motion for summary judgment in that case, the statute of limitations for breach of warranty may be extended by assurances as to longevity of a product.

### D. Motion to Strike Supplemental Response

Plaintiff has submitted a supplemental reply memorandum that offers no additional legal argument and flagrantly violates L.R. 10.1. That submission is therefore stricken.

## III. CONCLUSION

Accordingly, it is hereby

ORDERED that defendant Baxter's motion to compel plaintiff Freda Gates Pozefsky to undergo a psychiatric examination pursuant to Fed.R.Civ.P. 35 is GRANTED;

ORDERED that plaintiff Freda Gates Pozefsky's motions for an extension of time to disclose experts and for additional disclosure of experts is DENIED;

ORDERED that defendant Baxter's motion for summary judgment is GRANTED–IN–PART and DENIED–IN–PART, and the claim for manufacturing defect DISMISSED;

ORDERED that defendant Baxter's motion to strike Plaintiff's supplemental memorandum for non-compliance with L.R. 10.1 is GRANTED; and it is

FURTHER ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.